PHILLIP A. TALBERT
United States Attorney
MELANIE L. ALSWORTH
DAWRENCE W. RICE, JR.
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>   v.<br><br>KEITH FOSTER, RANDY FLOWERS, AND RICKY REYNOLDS,<br><br>     Defendants. | CASE NO. 1:15-CR-00104 AWI<br><br>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS<br><br>DATE: May 9, 2017<br>TIME: 8:30 a.m.<br>COURT: Hon. Anthony W. Ishii |

  The United States, by and through its undersigned counsel, respectfully requests that the Court include in its standard charge to the jury the following instructions from the Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition):

1.   1.1    Duty of Jury

2.   1.2    The Charge - Presumption of Innocence

3.   1.3    What is Evidence

4.   1.4    What is Not Evidence

5.   1.5    Direct and Circumstantial Evidence

6.   1.6    Ruling on Objections

7.   1.7    Credibility of Witnesses

8.   1.8    Conduct of the Jury

9.   1.9    No Transcript Available to Jury

10.  1.10   Taking Notes

11.  1.11   Outline of Trial

12.  2.1    Cautionary Instruction - First Recess

13.  2.2    Bench Conferences and Recesses

14.  2.3    Stipulated Testimony

15.  2.4    Stipulations of Fact

16.  2.5    Judicial Notice

17.  2.7    Transcript of Recording in English

18.  2.10   Other Crimes, Wrongs or Acts of Defendant

19.  2.11   Evidence for Limited Purpose

20.  2.14   Disposition of Charge Against Codefendant

21.  3.1    Duties of Jury to Find Facts and Follow Law

22.  3.2    Charge Against Defendant Not Evidence - Presumption of Innocence - Burden of Proof

23.  3.3    Defendant's Decision Not to Testify

24.  3.4    Defendant's Decision To Testify

25.  3.5    Reasonable Doubt – Defined

26.  3.6    What is Evidence

27.  3.7    What is Not Evidence

| 28. | 3.8 | Direct and Circumstantial Evidence |
|---|---|---|
| 29. | 3.9 | Credibility of Witnesses |
| 30. | 3.10 | Activities Not Charged |
| 31. | 3.13 | Separate Consideration of Multiple Counts –Multiple Defendants |
| 32. | 3.17 | Possession – Defined |
| 33. | 4.1 | Statements by Defendant |
| 34. | 4.3 | Other Crimes, Wrongs or Acts of Defendant |
| 35. | 4.4 | Character of Defendant |
| 36. | 4.7 | Character of Witness for Truthfulness |
| 37. | 4.9 | Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea |
| 38. | 4.10 | Government's Use of Undercover Agents and Informants |
| 39. | 4.14 | Opinion Evidence, Expert Witness |
| 40. | 5.6 | Knowingly |
| 41. | 9.19 | Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone |
| 42. | 9.18 | Distribution of Oxycodone |
| 43. | 9.15 | Possession with Intent to Distribute Oxycodone |
| 44. | 9.19 | Conspiracy to Distribute and Possess with Intent to Distribute Heroin |
| 45. | 9.19 | Conspiracy to Distribute and Possess with Intent to Distribute Marijuana |
| 46. | 9.18 | Distribution of Marijuana |
| 47. | 9.18/9.16 | Manufacturing Marijuana/ Determining Amount of Marijuana Manufactured |
| 48. | 9.29 | Illegal Use of Communication Facility |
| 49. | 8.65A | Felon in Possession of Firearm |
| 50. | 7.1 | Duty to Deliberate |
| 51. | 7.2 | Consideration of Evidence - Conduct of the Jury |
| 52. | 7.3 | Use of Notes |

53.   7.4         Jury Consideration of Punishment

54.   7.5         Verdict Form

55.   7.6         Communication with Court

ADDITIONAL INSTRUCTIONS DURING TRIAL

The United States requests permission to supplement these instructions depending on the evidence presented during the trial.

Respectfully submitted,

Dated:  April 3, 2017

PHILLIP A. TALBERT
United States Attorney

By:  /s/ DAWRENCE W. RICE, JR.
DAWRENCE W. RICE, JR.
Assistant United States Attorney

INSTRUCTION NO. 1

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed [written] instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

9TH CIR. CRIM. JURY INST. 1.1 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 2

This is a criminal case brought by the United States government. The government charges the defendants with Conspiring to Distribute and Possess with Intent to Distribute Controlled Substances, Distributing and Possessing with Intent to Distribute Controlled Substances, and Illegal Use of a Communication Facility. And, defendant Randy Flowers is also charged with Felon in Possession of a Firearm. The charges against the defendants are contained in the indictment. The indictment simply describes the charges the government brings against the defendants. The indictment is not evidence and does not prove anything.

The defendants have pleaded not guilty to the charges and are presumed innocent unless and until the government proves the defendants guilty beyond a reasonable doubt. In addition, the defendants have the right to remain silent and never have to prove innocence or to present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes which the government must prove to make its case:

Defendants Keith Foster and Randy Flowers are charged in Count One of the indictment with Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone in violation of Sections 846 and 841(a)(1) of Title 21 of the United States Code. In order for the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about May 23, 2014 and ending on or about March 26, 2015, there was an agreement between two or more persons to distribute and possess with intent to distribute oxycodone; and,

Second, the defendants joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

"To distribute" means to deliver or transfer possession of oxycodone to another person, with or without any financial interest in that transaction.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

Keith Foster is charged in Counts Two, Four, Six and Eight with Distribution of Oxycodone in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for him to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly distributed oxycodone; and,

Second, the defendant knew that it was oxycodone or some other prohibited drug.

"Distributing" means delivering or transferring possession of oxycodone to another person, with or without any financial interest in that transaction.

The government is not required to prove the amount or quantity of oxycodone. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of oxycodone.

Randy Flowers is charged in Counts Three, Five, Seven and Nine with Possession with Intent to Distribute Oxycodone in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for him to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed oxycodone; and,

Second, the defendant possessed it with the intent to distribute it to another person.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of oxycodone to another person, with or without any financial interest in the transaction.

Keith Foster is charged in Count Eleven with Conspiracy to Distribute and Possess with Intent to Distribute Heroin in violation of Sections 846 and 841(a)(1) of Title 21 of the United States Code. In order for him to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about December 23, 2014 and ending on or about February 2, 2015, there was an agreement between two or more persons to distribute and possess with intent to distribute heroin; and,

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

Keith Foster and Ricky Reynolds are charged in Count Twelve with Conspiracy to Distribute and Possess with Intent to Distribute Marijuana in violation of Sections 846 and 841(a)(1) of Title 21 of the United States Code. In order for them to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about July 14, 2014 and ending on or about March 26, 2015, there was an agreement between two or more persons to distribute and possess with intent to distribute marijuana; and,

Second, the defendants joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

Ricky Reynolds is charged in Counts Fourteen, Sixteen, and Eighteen with Distribution of Marijuana in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for him to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly distributed marijuana; and,

Second, the defendant knew that it was marijuana or some other prohibited drug.

Ricky Reynolds is charged in Count Twenty-Two with Manufacturing Marijuana in violation of Sections 841(a)(1) and (b)(1)(D) of Title 21 of the United States Code. In order for him to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly manufactured marijuana;

Second, the defendant knew that it was marijuana or some other prohibited drug; and,

Third, this manufacturing offense involved 50 or more marijuana plants.

Keith Foster is charged in Count Twenty-Six, Randy Flowers is charged in Count Twenty-Seven, and Ricky Reynolds is charged in Count Thirty with Illegal Use of a Communication Facility in violation of Section 843(b) of Title 21 of the United States Code. In order for a defendant to be found guilty of this charge, the government must prove the following element beyond a reasonable doubt:

The defendant knowingly or intentionally used a telephone to help bring about the distribution of a controlled substance.

Finally, Randy Flowers is charged in Count Ten with Felon in Possession of Firearms in violation of Section 922(g)(1) of Title 18 of the United States Code. In order for him to be found guilty of the charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed firearms;

Second, the firearms had been shipped or transported from one state to another, or between a foreign nation and the United States; and

Third, at the time the defendant possessed the firearms, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

9TH CIR. CRIM. JURY INST. 1.2 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; and

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

9TH CIR. CRIM. JURY INST. 1.3 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

# INSTRUCTION NO. 4

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

        (1)     statements and arguments of the attorneys;

        (2)     questions and objections of the attorneys;

        (3)     testimony that I instruct you to disregard; and

        (4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

9TH CIR. CRIM. JURY INST. 1.4 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

    JUDGE

INSTRUCTION NO. 5

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

9TH CIR. CRIM. JURY INST. 1.5 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

# INSTRUCTION NO. 6

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

9TH CIR. CRIM. JURY INST. 1.6 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

# INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)      the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

9TH CIR. CRIM. JURY INST. 1.7 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 8

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

///

9TH CIR. CRIM. JURY INST. 1.8 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____


_____
JUDGE

INSTRUCTION NO. 9

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

9TH CIR. CRIM. JURY INST. 1.9 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 10

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

9TH CIR. CRIM. JURY INST. 1.10 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 11

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

9TH CIR. CRIM. JURY INST. 1.11 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

**INSTRUCTION NO. 12**

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to one of my courtroom staff to give to me.

9TH CIR. CRIM. JURY INST. 2.1 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 13

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference.

9TH CIR. CRIM. JURY INST. 2.2 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 14

2      The parties have agreed as to what a few witnesses' testimony would be if called as witnesses.

3   You should consider that testimony in the same way as if it had been given here in court.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

9TH CIR. CRIM. JURY INST. 2.3 (2010)

23

24   GIVEN _____
     GIVEN AS MODIFIED _____
25   REFUSED _____
     WITHDRAWN _____
26

27   _____

28                                    JUDGE

INSTRUCTION NO. 15

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

9TH CIR. CRIM. JURY INST. 2.4 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 16

The court has decided it is not necessary to receive evidence of the fact that [insert fact noticed e.g., the city of San Francisco is north of the city of Los Angeles] [because this fact is of such common knowledge]. You may, but are not required to, accept this fact as true.

9TH CIR. CRIM. JURY INST. 2.5 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 17

You are about to hear recordings that have been received in evidence.  A transcript of the recordings is being provided to help you identify speakers and to help you decide what the speakers say.  Remember that the recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you heard is controlling.  Listen carefully; the transcript will not be available during your deliberations.

9TH CIR. CRIM. JURY INST. 2.7 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

1

INSTRUCTION NO. 18

2          You may hear evidence that a defendant committed other [crimes] [wrongs] [acts] not charged

3   here.  You may not consider this evidence as evidence of guilt of the crime for which the defendant is

4   now on trial.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22   9TH CIR. CRIM. JURY INST. 2.10 (2010)

23   GIVEN _____
     GIVEN AS MODIFIED _____
24   REFUSED _____
     WITHDRAWN _____
25

26

27   _____
          JUDGE
28

INSTRUCTION NO. 19

You are about to hear evidence that [describe evidence to be received for limited purpose].  I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

9TH CIR. CRIM. JURY INST. 2.11 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 20

For reasons that do not concern you, the cases against some codefendants named in the indictment are not before you. Do not speculate why. This fact should not influence your verdicts with reference to the remaining defendants, and you must base your verdicts solely on the evidence against the remaining defendants.

9TH CIR. CRIM. JURY INST. 2.14 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

# INSTRUCTION NO. 21

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

9TH CIR. CRIM. JURY INST. 3.1 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 22

The indictment is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt. In addition, a defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

9TH CIR. CRIM. JURY INST. 3.2 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

1

INSTRUCTION NO. 23

2

3        A defendant in a criminal case has a constitutional right not to testify.  You may not draw any

inference of any kind from the fact that the defendant did not testify.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22   9TH CIR. CRIM. JURY INST. 3.3 (2010)

23   GIVEN _____
     GIVEN AS MODIFIED _____
24   REFUSED _____
     WITHDRAWN _____
25

26

27                                                    _____
                                                      JUDGE
28

1

INSTRUCTION NO. 24

2

3          The defendant has testified.  You should treat this testimony just as you would the testimony of

any other witness.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21   9TH CIR. CRIM. JURY INST. 3.4 (2010)

22   GIVEN _____
     GIVEN AS MODIFIED _____
23   REFUSED _____
     WITHDRAWN _____
24

25

26                                              _____
                                                 JUDGE
27

28

INSTRUCTION NO. 25

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

9TH CIR. CRIM. JURY INST. 3.5 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

1

INSTRUCTION NO. 26

2     The evidence you are to consider in deciding what the facts are consists of:

3     (1) the sworn testimony of any witness; and

4     (2) the exhibits received in evidence; and

5     (3) any facts to which the parties have agreed.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23     9TH CIR. CRIM. JURY INST. 3.6 (2010)

24     GIVEN _____
       GIVEN AS MODIFIED _____
25     REFUSED _____
       WITHDRAWN _____

26

27     _____

28                    JUDGE

**INSTRUCTION NO. 27**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

9TH CIR. CRIM. JURY INST. 3.7 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO. 28

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

9TH CIR. CRIM. JURY INST. 3.8 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 29

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

9TH CIR. CRIM. JURY INST. 3.9 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

1

INSTRUCTION NO. 30

2    You are here only to determine whether the defendant is guilty or not guilty of the charges in the

3 indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23 9TH CIR. CRIM. JURY INST. 3.10 (2010)

24 GIVEN _____
   GIVEN AS MODIFIED _____
25 REFUSED _____
   WITHDRAWN _____

26

27 _____

28    JUDGE

INSTRUCTION NO. 31

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant and count.

9TH CIR. CRIM. JURY INST. 3.11 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

1

INSTRUCTION NO. 32

2   A person has possession of something if the person knows of its presence and has physical

3 control of it, or knows of its presence and has the power and intention to control it.

4   More than one person can be in possession of something if each knows of its presence and has

5 the power and intention to control it.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23 9TH CIR. CRIM. JURY INST. 3.17 (2010)

24 GIVEN _____
GIVEN AS MODIFIED _____

25 REFUSED _____
WITHDRAWN _____

26

27 _____

28      JUDGE

INSTRUCTION NO. 33

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

9TH CIR. CRIM. JURY INST. 4.1 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 34

You have heard evidence that a defendant committed other [crimes] [wrongs] [acts] not charged here.  You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

9TH CIR. CRIM. JURY INST. 4.3 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 35

You have heard evidence of a defendant's character for [e.g., truthfulness, peacefulness, honesty, etc.]. In deciding this case, you should consider that evidence together with and in the same manner as all the other evidence in the case.

9TH CIR. CRIM. JURY INST. 4.4 Comment (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 36

You have heard evidence of the character for truthfulness of [name of witness], a witness. You may consider this evidence along with other evidence in deciding whether or not to believe that witness's testimony and how much weight to give to it.

9TH CIR. CRIM. JURY INST. 4.7 Comment (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 37

You have heard testimony from Iran "Denny" Foster, a witness who expects to receive favored treatment from the government at his sentencing in connection with this case; admitted being a co-conspirator in the charged marijuana conspiracy; and, pleaded guilty to the charged marijuana conspiracy for which the defendants are on trial. This guilty plea is not evidence against the defendants, and you may consider it only in determining this witness's believability.

For this reason, in evaluating the testimony of Iran "Denny" Foster, you should consider the extent to which or whether his testimony may have been influenced by this factor. In addition, you should examine the testimony of Iran "Denny" Foster with greater caution than that of other witnesses.

9TH CIR. CRIM. JURY INST. 4.9 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 38

You have heard testimony from undercover agents who were involved in the government's investigation in this case. Law enforcement officials may engage in stealth and deception, such as the use of undercover agents, in order to investigate criminal activities.

9TH CIR. CRIM. JURY INST. 4.10 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 39

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

9TH CIR. CRIM. JURY INST. 4.14 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 40

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

9TH CIR. CRIM. JURY INST. 5.6 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 41

Defendants Keith Foster and Randy Flowers are charged in Count One of the indictment with Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone in violation of Sections 846 and 841(a)(1) of Title 21 of the United States Code. In order for the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about May 23, 2014 and ending on or about March 26, 2015, there was an agreement between two or more persons to distribute and possess with intent to distribute oxycodone; and,

Second, the defendants joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

"To distribute" means to deliver or transfer possession of oxycodone to another person, with or without any financial interest in that transaction.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of oxycodone to another person, with or without any financial interest in the transaction.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the

intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

9TH CIR. CRIM. JURY INST. 9.19 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 42

Keith Foster is charged in Counts Two, Four, Six and Eight with Distribution of Oxycodone in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for him to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly distributed oxycodone; and,

Second, the defendant knew that it was oxycodone or some other prohibited drug.

"Distributing" means delivering or transferring possession of oxycodone to another person, with or without any financial interest in that transaction.

The government is not required to prove the amount or quantity of oxycodone. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of oxycodone.

9TH CIR. CRIM. JURY INST. 9.18 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO. 43

Randy Flowers is charged in Counts Three, Five, Seven and Nine with Possession with Intent to Distribute Oxycodone in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for him to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed oxycodone; and,

Second, the defendant possessed it with the intent to distribute it to another person.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of oxycodone to another person, with or without any financial interest in the transaction.

The government is not required to prove the amount or quantity of oxycodone. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of oxycodone.

9TH CIR. CRIM. JURY INST. 9.15 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 44

Keith Foster is charged in Count Eleven with Conspiracy to Distribute and Possess with Intent to Distribute Heroin in violation of Sections 846 and 841(a)(1) of Title 21 of the United States Code. In order for him to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about December 23, 2014 and ending on or about February 2, 2015, there was an agreement between two or more persons to distribute and possess with intent to distribute heroin; and,

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

"To distribute" means to deliver or transfer possession of heroin to another person, with or without any financial interest in that transaction.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of heroin to another person, with or without any financial interest in the transaction.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the

intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

9TH CIR. CRIM. JURY INST. 9.19 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

Keith Foster and Ricky Reynolds are charged in Count Twelve with Conspiracy to Distribute and Possess with Intent to Distribute Marijuana in violation of Sections 846 and 841(a)(1) of Title 21 of the United States Code. In order for them to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about July 14, 2014 and ending on or about March 26, 2015, there was an agreement between two or more persons to distribute and possess with intent to distribute marijuana; and,

Second, the defendants joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

"To distribute" means to deliver or transfer possession of marijuana to another person, with or without any financial interest in that transaction.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of marijuana to another person, with or without any financial interest in the transaction.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the

intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

9TH CIR. CRIM. JURY INST. 9.19 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

**INSTRUCTION NO. 46**

Ricky Reynolds is charged in Counts Fourteen, Sixteen, and Eighteen with Distribution of Marijuana in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for him to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly distributed marijuana; and,

Second, the defendant knew that it was marijuana or some other prohibited drug.

"Distributing" means delivering or transferring possession of marijuana to another person, with or without any financial interest in that transaction.

The government is not required to prove the amount or quantity of marijuana. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of oxycodone.

9TH CIR. CRIM. JURY INST. 9.18 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

Ricky Reynolds is charged in Count Twenty-Two with Manufacturing Marijuana in violation of Sections 841(a)(1) and (b)(1)(D) of Title 21 of the United States Code. In order for him to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly manufactured marijuana; and

Second, the defendant knew that it was marijuana or some other prohibited drug.

If you find the defendant guilty of manufacturing marijuana, you are then to determine whether the government proved beyond a reasonable doubt that this manufacturing offense involved 50 or more marijuana plants.  Your decision as to the number of marijuana plants must be unanimous.

The government does not have to prove that the defendant knew the number of marijuana plants.

9TH CIR. CRIM. JURY INST. 9.18 and 9.16 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 48

Keith Foster is charged in Count Twenty-Six, Randy Flowers is charged in Count Twenty-Seven, and Ricky Reynolds is charged in Count Thirty with Illegal Use of a Communication Facility in violation of Section 843(b) of Title 21 of the United States Code. In order for a defendant to be found guilty of this charge, the government must prove the following element beyond a reasonable doubt:

The defendant knowingly or intentionally used a telephone to help bring about the distribution of a controlled substance: to wit, oxycodone, heroin, or marijuana.

9TH CIR. CRIM. JURY INST. 9.29 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO. 49

Randy Flowers is charged in Count Ten with Felon in Possession of Firearms in violation of Section 922(g)(1) of Title 18 of the United States Code. In order for him to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed firearms;

Second, the firearms had been shipped or transported from one state to another, or between a foreign nation and the United States; and

Third, at the time the defendant possessed the firearms, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

9TH CIR. CRIM. JURY INST. 8.65A (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

**INSTRUCTION NO. 50**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

9TH CIR. CRIM. JURY INST. 7.1 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

# INSTRUCTION NO. 51

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

9TH CIR. CRIM. JURY INST. 7.2 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 52

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

9TH CIR. CRIM. JURY INST. 7.3 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 53

The punishment provided by law for crimes is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against a defendant beyond a reasonable doubt.

9TH CIR. CRIM. JURY INST. 7.4 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

1          INSTRUCTION NO. 54

2          A verdict form has been prepared for you.  After you have reached unanimous agreement on a

3   verdict, your foreperson should complete the verdict form according to your deliberations, sign and date

4   it, and advise the clerk that you are ready to return to the courtroom.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22
    9TH CIR. CRIM. JURY INST. 7.5 (2010)
23
    GIVEN _____
24  GIVEN AS MODIFIED _____
    REFUSED _____
25  WITHDRAWN _____

26

27                                                    _____

28                                                    JUDGE

# INSTRUCTION NO. 55

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of a defendant, until after you have reached a unanimous verdict or have been discharged.

9TH CIR. CRIM. JURY INST. 7.6 (2010)

GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28