PHILLIP A. TALBERT
Acting United States Attorney
MELANIE L. ALSWORTH
DAWRENCE W. RICE, JR.
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KEITH FOSTER, <br><br> Defendant. | Case No. 1:15-CR-00104 AWI <br><br> GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS AND NEUTRAL STATEMENT OF CASE <br><br><br> Date: May 9, 2017 <br> Time: 8:30 a.m. <br> Court: Hon. Anthony W. Ishii |

The government respectfully requests that the Court read to the prospective jurors the neutral statement of the case agreed upon by the parties in their trial briefs and set forth in paragraph 1 below, and ask the prospective jurors the following voir dire questions:

1.  Neutral Statement of Case: The defendant, Keith Foster, has been charged with Conspiring to Distribute and Possess with Intent to Distribute Controlled Substances, Distributing and Possessing with Intent to Distribute Controlled Substances, and Illegal Use of a Communication Facility. The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government has brought against the defendant. The indictment is not evidence. The defendant has pled not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant

has the right to remain silent and never has to prove innocence or to present any evidence.

    2. Present occupation of juror and spouse, if any?

        a) Nature of employment?

        b) How long so employed?

        c) If retired, employment prior to retirement?

    3. Prior jury experience?

        a) Civil or criminal?

        b) If criminal, was it in a drug trafficking case?

        c) Was a verdict reached?

        d) Any prior bad experience on a jury, such that you could not give a fair and impartial trial to both sides in this case?

    4. Have you or any relative or close friend ever been arrested or charged with a criminal offense?

        a) Who was arrested or charged?

        b) Do you feel the matter was fairly handled?

        c) Did the matter result in a trial being held?

        d) Having your feelings about the matter in mind, do you feel you can be fair, objective, and impartial to both sides here?

    5. Have you ever been called as a witness in any court proceedings?

        a) What type of proceeding was it?

        b) By which side were you called?

        c) Do you have any feelings about that experience that would prevent you from being fair, objective, and impartial in this case?

    6. Have you ever been the victim or witness of a crime?

a) What happened in that case?

b) Were you satisfied with the way the case was handled by the police and the court?

7. Most of us in our lives have, one way or another, come in contact with police officers. Have any of these experiences made you feel one way or another about police officers?

a) What was your experience?

b) Would your interaction with that police officer interfere with your ability to be fair and impartial?

8. Do you have any feelings, one way or the other, about federal law enforcement agents and officers that would interfere with your ability to be fair and impartial in this case?

9. You will hear testimony in this case from agents, officers, and other employees of the Federal Bureau of Investigation, Bureau of Alcohol, Tobacco, Firearms, and Explosives, and the California Highway Patrol.

a. Do you know anyone who works for one of these agencies?

b. Have you, or anyone close to you, had any experience, either positive or negative, with these agencies?

10. Have you, or anyone close to you, had a dispute with a law enforcement agency of any kind?

11. Have you, or anyone close to you, ever been stopped or questioned by any law enforcement officer?

12. Have you, or anyone close you, ever been arrested or prosecuted for any crime?

13. Would you judge the credibility of a law enforcement officer differently from that of other witnesses?

14. Do you know or are you familiar with any of the following persons, who may be called to testify in this case?

1. FBI Special Agent Jeremy Crider
2. FBI Supervisory Special Agent Patrick Bowens
3. ATF Special Agent Sherri Reynolds
4. ATF Special Agent Bradley Dickey

3

5. ATF Special Agent Nick Carter
6. FBI Special Agent Peter Jackson
7. CHP Officer S.T. Kensey
8. FBI Special Agent David Rubel
9. ATF Special Agent Mickel Sexton
10. ATF Special Agent Greg Estes
11. FBI Special Agent Jeffrey Jackson
12. FBI Special Agent Justin Lee
13. FBI Special Agent Scott Sharp
14. FBI Special Agent V. Ray Stanley
15. FBI Special Agent Brian Scott
16. FBI Special Agent Joshua Ratzlaff
17. Dr. Cynthia Morris-Kukoski, Forensic Examiner Toxicology, FBI Laboratory Chemistry Unit
18. FBI Special Agent Ryan Demmon
19. FBI Special Agent Daniel Harkness
20. Iran Dennis (Denny) Foster

15. Have you heard anything about the defendant, Keith Foster, or this case from friends or family, in local newspapers or magazines, on TV or radio, the internet, or from any other source?

16. Do you think that you can set aside whatever you have heard, and listen to the evidence in this case with an open mind?

17. Do you think that you could return a fair and impartial verdict after listening to the evidence?

18. One of the charges in this case involves Conspiring to Distribute and Possess with Intent to Distribute Marijuana. You have probably heard that California state laws now permit people with medical conditions to use marijuana in some circumstances and allow for recreational use by adults. Such laws are not an issue in this case, and I will instruct you not to consider California state laws regarding marijuana. Federal law, which applies in this courtroom, forbids the

4

possession, manufacture, or distribution of marijuana for any purpose.

      a.    Do you have any feelings or concerns about this conflict between federal and state marijuana laws?

      b.    Would you have any difficulty following my instructions on federal law?

      c.    Do you believe it is wrong for federal law to trump California law on this issue in this courtroom?

      d.    If you disagree with federal drug laws, would you have any hesitation convicting someone under those laws even if you otherwise found them guilty beyond a reasonable doubt?

19.    Do you, anyone in your family, or any close friends use marijuana or have a medical marijuana card issued by a doctor?

20.    Do you believe that either state or federal drug laws should be changed? How so?

21.    Is there any member of the jury panel who has such strong beliefs about the general subject matter of our drug laws that it would prevent them from being fair to both sides in this case?

22.    Has anyone been associated, or had a person close to you associated in any manner with a group, society, or organization which advocates or supports the abolition or revision of the laws relating to the possession, use, and sale of marijuana or other controlled substances?

23.    Do you know anyone who has or has had an addiction to any illegal drug?

24.    Does anyone think it is wrong or a waste of time for the government to try to prosecute people involved in drug trafficking?

25.    The government only has the burden of proving the defendant's guilt beyond a reasonable doubt. Do you think that the government must prove its case beyond all doubt, or to an absolute certainty, before you would be willing to find the defendant guilty?

26.    Any possible punishment in this case will not be for you as a juror to decide. Will you be able to decide this case without concern for any potential punishment the defendant may, or may not, receive?

27.    Have you any personal, moral, or religious beliefs that would be a problem for you if

you were selected as a juror in this case?

28. Do you have any reservations about sitting in judgment of the defendant and returning a verdict?

29. Do you feel that you would be unable to convict someone of a crime?

30. Is there any reason why you might not wish to sit as a juror in this case which the defendant, the attorneys, and the judge should know about?

31. Is there any such matter you would prefer to discuss privately with the judge?

Dated: April 27, 2017

PHILLIP A. TALBERT
United States Attorney

By: /s/ Dawrence W. Rice, Jr.
DAWRENCE W. RICE, JR.
Assistant United States Attorney