PHILLIP A. TALBERT
United States Attorney
MELANIE L. ALSWORTH
DAWRENCE W. RICE, JR.
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:15-CR-00104 AWI |
|---|---|
| Plaintiff, | OPPOSITION TO MOTIONS FOR CONTINUANCE AND FOR UNSEALING AND RELEASE OF JUROR INFORMATION |
| v. | |
| KEITH FOSTER, | |
| Defendant. | |

## I.  INTRODUCTION

The government opposes defendant's request for a further continuance and urges the Court to deny the motions for additional time to file Rule 29 and Rule 33 motions and to unseal and release to defendant juror information.

On May 23, 2017, the jury returned a verdict finding Keith Foster guilty of two (2) drug trafficking conspiracies. New counsel substituted in on or about June 1, 2017, and the government agreed to allow defendant's new attorney adequate time to review discovery, review the transcripts, and prepare and file Rule 29 and Rule 33 motions. At the time, counsel represented that a filing date for defense motions of August 18, 2017 was sufficient.

On or about August 9, 2017, counsel for defendant contacted the government, again requesting a continuance because of an upcoming state trial. The government reluctantly

agreed to a new due date for defense motions of September 8, 2017. In the stipulation filed on August 11, 2017, the parties agreed, and the Court ordered, that no further continuances would be requested without a showing of "exceptional cause," and defendant's attorney maintained "this extension will provide adequate time for preparation and filing of defense motions" on or before September 8.

Defendant is again requesting another "final" continuance so that he can pursue a theory that media coverage of the trial influenced jurors in this case, among other reasons. Any further continuance of this matter serves only to unjustly delay finality of these proceedings.

## II. ARGUMENT

### A. Defendant has not established good cause for an additional continuance.

Rule 45 of the Federal Rules of Criminal Procedure permits a party to move for a continuance for good cause. As is evident from defendant's motion, good cause is lacking for several reasons. First, defendant has already sought and received two (2) continuances on the same grounds, each time asserting that the requested due date is sufficient to complete and file the motions. Second, the primary reason for the current request is to permit defendant an opportunity to conduct post-verdict juror interviews, which are impermissible as explained below. For these reasons, good cause, and "exceptional cause" as the parties agreed, is lacking and defendant's motion for additional time to file his Rule 29 and Rule 33 motions should be denied.

### B. Defendant has not established good cause to conduct post-verdict juror interviews.

Jurors are prohibited from testifying about deliberations, anything that may have affected a juror's vote, and any juror's mental processes concerning the verdict. FRE 606(b)(1). An exception is made if the testimony concerns extraneous prejudicial information improperly brought to the jury's attention or whether an outside influence was improperly brought to bear on any juror. FRE 606(b)(2). The Ninth Circuit disfavors post-verdict interrogation of jurors and has consistently disallowed such interrogation for

the purpose of discovering potential, but unspecified, jury misconduct. *See Tanner v. United States*, 483 U.S. 107, 121 (1987); *Smith v. Cupp*, 457 F.2d 1098, 1100 (9th Cir. 1972); *N. Pac. Ry. Co. v. Mely*, 219 F.2d 199, 202 (9th Cir. 1954).

The motion and incorporated memorandum filed by counsel is pure speculation. Counsel argues that "it is entirely possible" that an article in the *Fresno Bee* improperly influenced jurors. Counsel suggests that he should be permitted to "investigate whether prejudicial extraneous materials were improperly brought to a juror's attention, or outside influences improperly brought to bear." A similar argument was made and rejected in *U.S. v. Boyajian*, 2016 WL 3751945 *11 (C.D. Cal. July 11, 2016). In *Boyajian*, the Court observed that there was "no evidence that any of the jurors read, or were even aware of, the news pieces." *Id*. "Throughout the trial, the Court repeatedly instructed the jury not to discuss the case with anyone else or to do anything outside the courtroom to learn about the case." *Id*.

Defendant has presented no evidence that any of the jurors read any news article or saw any news report. As noted in *Garcia-Salbalsa v. Seibel*, "speculative allegations may not be used as grounds to initiate an unwarranted fishing expedition by parties hoping to uncover information to invalidate the jury's verdict." 2016 WL 3124610 *9 (N.D. Cal. June 3, 2016). The Court instructed the jury extensively, beginning on the first day of the trial, not to "read or watch any media accounts or commentary about the case or anything to do with it" (R.T. 192, ln. 17-19 (May 19, 2017)); not to "do any research" . . . "or make any investigation or in any other way try to learn about the case on your own" (R.T. 192, ln. 20-23 (May 9, 2017)); and to immediately report to the Court if "you happen to read or hear anything touching on this case in the media" (R.T. 193, ln. 6-8 (May 9, 2017)); among other things. Jurors are presumed to have performed their duties faithfully and diligently. *See Penry v. Johnson*, 532 U.S. 782, 799 (2001)("We generally presume that jurors follow their instructions."); *U.S. v. Caro-Quintero,* 769 F. Supp. 1564, 1574 (C. D. Cal. 1991).

Another obstacle stands in the way of defendant's argument. In *U.S. v. Caro-*

3

*Quintero*, the defendant alleged juror misconduct and moved for a new trial after evidence surfaced that jurors had a newspaper in the jury room. 769 F. Supp. 1564, 1569 (C. D. Cal. 1991). The court stated the defendant has the burden of first establishing by a preponderance of credible evidence that the jury was exposed to extrinsic evidence, and second, whether the extrinsic evidence could have reasonably influenced the verdict. *Id*. at 1574 (citations omitted). The burden then shifts to the government to show that any error was harmless, in particular by showing that any extraneous material was merely duplicative of evidence introduced in open court. *Id.*

Counsel acknowledges that during the course of the trial, both parties questioned witnesses about whether defendant may have been working as an undercover officer during the time of the federal investigation. In fact, there was extensive questioning of witnesses on this subject. The defendant even testified and denied that he was acting as an undercover officer. Therefore, there is no basis to believe that even if jurors did have access to extraneous materials, that the materials were prejudicial or affected the outcome of the verdict. Jurors cannot be "questioned about the deliberative process or subjective effects of extraneous information, nor can such information be considered by the trial or appellate courts." *United States v. Bagnariol*, 665 F.2d 877, 884-85 (9th Cir. 1981); *see United States v. Marques*, 600 F.2d 742, 747 (9th Cir. 1979); *see also* Federal Rule of Evidence 606(b).

### III.     CONCLUSION

For the reasons set forth above, the Court should deny defendant's motions.

Dated: September 8, 2017

PHILLIP A. TALBERT
United States Attorney

By: /s/Melanie L. Alsworth
MELANIE L. ALSWORTH
DAWRENCE W. RICE, JR.
Assistant United States Attorneys

4