Michael McKneely (State Bar No. 214896)
McKNEELY LAW FIRM
2300 Tulare Street, Suite 115
Fresno, California 93721
Telephone: (559) 443-7442
Facsimile: (559) 860-0150
mike@fresnocriminalattorney.com

Attorney for Defendant
KEITH FOSTER

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEITH FOSTER,<br><br>Defendant. | Case No.  1:15-CR-00104-AWI-SKO<br><br>**KEITH FOSTER'S REPLY IN SUPPORT OF MOTION TO UNSEAL JUROR INFORMATION**<br>**[Fed. R. Evid. 606(b)]** |

## I.

## <u>INTRODUCTION</u>

Trial transcripts show that an issue injected into Keith Foster's trial by the *Fresno Bee*'s erroneous May 11, 2017 article headlined "Foster Undercover During Drug Talk, Lawyer Says," was repeatedly addressed and argued by both sides despite the fact that it was not an argument made by Mr. Foster's defense. Both sides agree that jurors are permitted to offer evidence about extraneous prejudicial information improperly brought to their attention and outside influences improperly brought to bear on any juror. But the government labels Defendant's concerns in this regard "pure speculation" even though they acknowledge *addressing* this extraneous prejudicial information to the jury. The Court should authorize the disclosure of sealed juror information for the limited purpose of a defense investigator contacting these jurors

# II.

# ARGUMENT

## A. The Authorities Cited in the Government's Response Offer Little Guidance to the Court

The government cites various cases, from the Supreme Court to neighboring district courts, but the cases offer little to guide this Court's decision. For instance, the following cases cited by the government involved information that is *not admissible* under Rule 606(b) of the Federal Rules of Evidence, unlike the issue before this Court: *Tanner v. United States*, 483 U.S. 107, 121 (1987), *North Pacific Railway Co. v. Mely*, 219 F.2d 199, 202 (9th Cir. 1954), *United States v. Marques*, 600 F.2d 742 (9th Cir. 1979) and *Garcia-Salbasa v. Seibel*, 2016 U.S. Dist. LEXIS 72807, 2016 WL 3124610 (N.D. Cal. June 3, 2016, Case No. 15-cv-01624-YGR (PR.)

The government cites also to a case that turned on a California state law issue about juror information and no juror misconduct was alleged. *Smith v. Cupp*, 457 F.2d 1098, 1100 (9th Cir. 1972.) The issue at bar is in a different posture and has conceded factual support in that both the government and defense repeatedly addressed the phantom issue during the trial.

The government cites to a case involving trial publicity, but unlike the case at bar, in *United States v. Boyajian*, there was no indication any of the news reports were inaccurate and none of the news reports raised an issue that trial counsel subsequently dealt with both in questions and argument. 2016 U.S. Dist. LEXIS 91063, 2016 WL 3751945 (C.D. Cal. July 11, 2016, Case No. CR 09-933(A)-CAS.)

Finally the government cites to cases where juror misconduct *was* investigated by the trial court. In *United States v. Caro-Quintero*, 769 F.Supp. 1564, 1574 (C.D. Cal. 1991), where a newspaper was found in the jury room by the court reporter during deliberations, the trial court questioned jurors *in camera* at the time the newspaper was found. Unlike *Caro-Quintero*, in the case at bar there has been *no* questioning of the trial jurors about improper extraneous influence. Indeed both sides at trial seemed to

accept that the defense *had* argued at the beginning of the trial that Keith Foster was working undercover. Only a review of the subsequently produced transcripts proved that this was in fact, not the case. In *United States v. Bagnariol*, a juror was conducting case related research in the library near the courthouse on breaks, and the trial court conducted an evidentiary hearing on the matter at the time the misconduct was brought to the court's attention. 665 F.2d 877, 884-885 (9th Cir. 1981) The government here does not want the investigation to even occur, though they concede the phantom issue was injected into the trial by the *Fresno Bee*.

**B.  The Requested Information and Subsequent Attempt to Interview is Appropriate in the Context of a New Trial Motion**

Government counsel seek to foreclose the inquiry into this issue by arguing that defense counsel *also* addressed the phantom Keith Foster is undercover theme during trial. New counsel has been retained, however, and it is anticipated that ineffective assistance of trial counsel will be one of the bases for a motion for new trial. The fact that the defense trial attorney was *also* misled by the inaccurate reporting is not a sufficient ground to deny the defense the ability to investigate the matter.

### III.

### CONCLUSION

New counsel requests the opportunity to conduct limited, non-adversarial, interviews of the trial jurors, should they choose to participate. We request that the Court unseal the necessary records to facilitate this. Releasing the information is appropriate where trial publicity injected an issue into the trial, and both sides subsequently addressed the phantom issue. The opposition does not dispute the transcript citations offered by the defense in this Motion, nor do they dispute that the issue subsequently addressed by both sides stemmed from an inaccurate, but high profile newspaper article.

DATED: September 13, 2017   McKNEELY LAW FIRM


By: /s/ Michael McKneely
    Michael McKneely
    Attorneys for Keith Foster