UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>KEITH FOSTER,<br><br>    Defendant | CASE NO. 1:15-CR-0104 AWI SKO-1<br><br>**ORDER ON DEFENDANT'S MOTION TO RELEASE JURY INFORMATION AND MOTION FOR ADDITIONAL TIME**<br><br>(Doc. Nos. 266, 267) |

On May 23, 2017, a jury found Defendant Keith Foster guilty of conspiracy to distribute and possess marijuana and conspiracy to distribute and possess heroin, both in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On September 6, 2017, defense counsel filed two motions: a "final" motion for an extension of time to file motions under Federal Rules of Criminal Procedure 29 and 33, and a motion to unseal jury information. The deadline for filing Rule 29 and Rule 33 motions was September 8. The government filed an opposition on September 8, 2017, and Defendant filed a brief reply the same day. On September 8, 2017, Judge Drozd signed an order that temporarily extended the September 8 deadline to September 15, 2107.

Both defense motions otherwise remain pending. For the reasons that follow, the Court will deny the motion to unseal confidential jury information and grant an additional seven days in which defendant may file his Rule 29 or Rule 33 motions.

**I.     Motion To Unseal Juror Information**

*Defendant's Argument*

Defense counsel argues that the *Fresno Bee* published an article after Day 1 of trial in which it was reported that trial counsel Marshall Hodgkins argued that Foster was "deep undercover" during the events at issue.[1] After publication of the article, trial transcripts indicate that both government attorneys and Mr. Hodgkins addressed this phantom argument and mentioned the phrase "deep undercover" as though the jury heard it. Defense counsel states that he believes the standard of care requires him to investigate the possibility that jurors turned to extraneous information to explain this continual reference to a phantom issue. Evidence of prejudicial extraneous materials being improperly brought to a juror's attention, and outside influences improperly brought to bear, are the subjects of permitted testimony from a juror under Federal Rules of Evidence 606(b)(2)(A) and (B). Defense counsel requests that identifying juror information be released so that an investigator can ask jurors about this issue. The information garnered would be used in connection with Rule 29 and Rule 33 motions.

As part of his declaration, defense counsel notes that Hodgkins's opening statement touched on Foster's undercover experience, but did not mention the term "deep undercover."[2] The *Fresno Bee* article ran the next day, and then a number of witnesses were questioned about whether Foster was acting undercover or whether his actions were consistent with acting undercover. On Day 5, Hodgkins asked Foster if he as acting undercover or "deep undercover" and Foster said no. Hodgkins's closing also discussed the notion of undercover conduct and mentioned arguments that he (Hodgkins) said "this" or "that", or that Foster was deep undercover. However, this was a phantom issue as Hodgkins did not say that Foster was deep undercover. Also, during voir dire, the Court asked a prospective juror about news accounts, indicated that news accounts might or might not be reliable, and stated that the media will be reporting this case.

---

[1] At trial, Foster was represented by Marshall Hodgkins. Following the jury's verdict, current counsel Michael McKneely was substituted for Hodgkins. References to "defense counsel" refer to Mr. McKneely.

[2] The Court notes that the quoted language is that Foster said he was not working undercover, the suggestion that he was undercover was absurd, and that although he had heard the phrase "deep cover," that was absurd. See Doc. No. 243 at 722:4-8.

2

*Government's Opposition*

The government argues that the motion is based on nothing more than speculation. There is no evidence that any juror saw the article during trial. Under these circumstances, other courts have refused to permit investigations because the arguments are too speculative and amount to fishing expeditions. Further, jurors are presumed to obey court instructions, and the jurors were instructed extensively to not read or watch media accounts of the trial, not to do any research, not to conduct any investigation, not to try to learn about the case, and to immediately report to the Court any violations of those instructions. There were no reports of seeing media accounts or conducting investigations. Moreover, although there was extensive questioning about undercover actions, Foster denied he was acting undercover. Given the nature of the testimony, even if the jurors saw the article, nothing indicates that it was harmful.

*Legal Standard*

Federal Rule of Evidence 606(b) reads:

(1) During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.

(2) Exceptions. A juror may testify about whether:
  (A) extraneous prejudicial information was improperly brought to the jury's attention;
  (B) an outside influence was improperly brought to bear on any juror; or
  (C) a mistake was made in entering the verdict on the verdict form.

Under this rule, " a juror may testify as to whether extraneous prejudicial information was improperly brought to the jury's attention," but may not testify regarding the effects of the information on the jurors. United States v. Ruiz-Montes, 628 F.3d 1183, 1188 (9th Cir. 2011). Jurors may "not be questioned about their deliberative process or the subjective effects of extraneous information." Id. Neither a new trial nor an evidentiary hearing will be warranted "unless there was a reasonable probability that the extrinsic material could have affected the verdict." United States v. Bussell, 414 F.3d 1048, 1055 (9th Cir. 2005).

*Discussion*

It appears that the crux of the motion can be found at Paragraph 23 of defense counsel's

declaration: "Mr. Foster's current counsel is concerned that jurors *might have seen this coverage, or sought it out* to explain to them an argument that was not actually made." Doc. No. 267 at Dec. ¶ 23 (emphasis added). There is only a "concern," there is notably no evidence and no indication that any juror actually did independent research, sought out the article, saw the article, or was even aware of the article's existence. It is speculation to argue otherwise.

The government correctly cites *United States v. Boyajian*, 2016 U.S. Dist. LEXIS 91063, *36-37, 2016 WL 3751945, *11 (C.D. Cal. July 11, 2016) as a case that is close to the facts of this one. In *Boyajian*, a case that involved illicit sexual conduct with a minor, defense counsel argued that several media articles (newspaper and web-based) that were published during the trial biased the jury against his client. The district court held that there was no basis for finding that the news stories improperly influenced the jury. Of particular note, the district court emphasized that "there is no evidence that any of the jurors read, or were even aware of, these news pieces." Id. at *37. Just as in *Boyajian*, there is nothing to indicate that the jurors saw the *Fresno Bee* article or conducted any independent investigation.

There needs to be a basis for concluding that the jurors were exposed to prejudicial extraneous information. The only information identified are questions and answers from witnesses regarding "undercover" activity (including Foster denying he was undercover, acknowledging that he had heard the phrase "deep cover," and stating that the suggestion that he was working undercover or deep undercover was "absurd"), the arguments of counsel, and three sentences from the Court during *voir dire* regarding media. That is not extraneous information. Rather, every excerpt came from something that occurred in front of the jury and as part of the trial. Thus, all of the excerpts are "intrinsic," not extrinsic or extraneous. See Raley v. Ylst, 470 F.3d 792, 803 (9th Cir. 2006); United States v. Stewart, 433 F.3d 273, 308 (2d Cir. 2005); Bussell, 414 F.3d at 1055; United States v. Rodriguez, 116 F.3d 1225, 1227 (8th Cir. 1997).

Additionally, the jurors were instructed not to watch media accounts of the trial, not to discuss the case, not to do independent research, to consider only the evidence, not to discuss the case before deliberation, and to inform the Court if there were violations of this. Jurors are presumed to follow instructions. See Penry v. Johnson, 532 U.S. 782, 799 (2001); Boyajian, 2016

U.S. Dist. LEXIS 91063 at *37. There is no evidence that the jurors failed to follow any of the Court's instructions.

In sum, because Foster's motion is too speculative, does not sufficiently indicate that the *Fresno Bee* article (or any article) was actually reviewed by any juror, is based on intrinsic matters that were part of the trial, and does not sufficiently indicate that that the jury failed to obey Court instructions, the motion will be denied.

## **II.** **Motion For An Extension Of Time**

*Defendant's Argument*

Defense counsel argues that he has reviewed trial transcripts and evidence and has determined that Rule 29 and Rule 33 motions are appropriate. Two previous extensions of time have been granted, but due to other trial commitments (including a case in Michigan), the volume of materials in this case (52,000 pages of documents alone, separate hard drives, and dozens of CD's and DVD's), staffing/personnel issues, and a possible issue regarding improper jury influence, an additional 30 days is needed in order to file the Rule 29 and Rule 33 motions. See id. Thus, under Federal Rule of Criminal Procedure 45(b)(1)(A), a final extension of time is warranted.

Additionally, as part of a reply declaration, defense counsel explains that certain language was included within the last stipulation at the insistence of the government and that he felt compelled to include the language in order to obtain the stipulations.

*Government's Opposition*

The government argues that it has already agreed to two extensions already, the last one being on August 11, 2017. As part of the August 11 stipulation, which was approved by the Court, defense counsel represented that an extension to September 8 would be sufficient. Further, the government argues that the stipulation states that no further continuances would be granted absent a showing of "exceptional cause." In terms of Rule 45, good cause for a continuance is lacking for two reasons: (1) two extensions have already been obtained, and (2) the primary reason for seeking the extension is to conduct juror interviews, but such interviews are improper

and impermissible. Because there is not good cause, let alone "exception cause," the motion should be denied.

*Legal Standard*

Federal Rule of Criminal Procedure 45(b)(1) reads: "When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made: (A) before the originally prescribed or previously extended time expires; or (B) after the time expires if the party failed to act because of excusable neglect."

*Discussion*

On August 11, 2017, the Court approved a second stipulation that extended deadlines. The August stipulation moved the sentencing date to November 13, 2017, moved a status conference date to October 10, 2017, and set a briefing schedule for Rule 29 and Rule 33 motions. See Doc. No. 259. Per the stipulation, Defendant was to file Rule 29 and Rule 33 motions on September 8, 2017. See id. The stipulation indicates that the extension will provide defense counsel enough time to prepare and file "defense motions." See id. at 1:22-23. The stipulation also indicates that "the parties agree that no further extension of the *sentencing hearing* is warranted, absent a showing exceptional cause." See id. (emphasis added). Therefore, contrary to the government's motion, "exceptional cause" applies only to extending the *sentencing hearing*; "exceptional cause" does not apply to an extension of the dates for filing Rule 29 and Rule 33 motions. See id.

In terms of Rule 45(b)(1)(A), "good cause" is the showing that is necessary. Defense counsel basis "good cause" on the following: (1) the magnitude of the evidence in this case; (2) within a week of September 6 was when counsel reviewed trial transcripts and recordings; (3) his sole support staff member resigned two weeks prior to September 6; (4) counsel believes that prejudicial information from a *Fresno Bee* article was injected into the trial, which necessitates further investigation; (5) he is in Michigan working on a new trial and sentencing motion involving child exploitation; and (6) a multi-defendant trial that he was part of did not settle, despite his expectations of a settlement.

The exhibits and information in Foster's case were substantial and daunting. The loss of support staff is clearly a complication, and other trial demands are understandable. It does appear

that the *Fresno Bee* article is an important part of this motion, but, as discussed above, the motion to unseal jury information has been denied.  Nevertheless, aside from undue jury influence, the Court is satisfied that additional time is warranted to prepare the Rule 29 and Rule 33 motions.  Defense counsel has already had the benefit of an extra week.  Without the need to investigate and assess undue jury influence, the Court finds that an additional seven days in which to file Rule 29 and Rule 33 motions is appropriate.

Therefore, the Court will reset the deadline for filing Rule 29 and Rule 33 motions, reset the dates for filing an opposition and reply, and reset the hearing and status conference date.  The November 13, 2017 sentencing will remain in place at this time.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to unseal jury information (Doc. No. 267) is DENIED;
2. Defendant's motion for additional time to file Rule 29 and Rule 33 motions is GRANTED in part;
3. Defendant shall file Rule 29 and Rule 33 motions on or by September 22, 2017;
4. Plaintiff shall file an opposition on or by October 13, 2017;
5. Plaintiff may file a reply on or by October 20, 2017;
6. The October 10, 2017, hearing and status conference VACATED and RESET to October 30, 2017 at 1:30 p.m.; and
7. The November 13, 2017 sentencing date remains in place.

IT IS SO ORDERED.

Dated:   September 14, 2017                                    _____
                                                                SENIOR DISTRICT JUDGE