1              UNITED STATES DISTRICT COURT

2            EASTERN DISTRICT OF CALIFORNIA

3

4  UNITED STATES OF AMERICA,     )  Case No. 15CR00104-AWI-SKO
                                 )
5          Plaintiff,            )  Fresno, California
                                 )
6  vs.                           )  Friday,
                                 )  April 10, 2015
7  KEITH FOSTER, et al.,         )  1:30 p.m.
                                 )
8          Defendants.           )
   _____)
9

10            TRANSCRIPT OF STATUS CONFERENCE
          BEFORE THE HONORABLE GARY S. AUSTIN
11            UNITED STATES MAGISTRATE JUDGE

12 APPEARANCES:

13 For the Plaintiff:          MELANIE L. ALSWORTH, ESQ.
                               DAWRENCE WAYNE RICE, JR., ESQ.
14                             Office of the United States
                                 Attorney
15                             2500 Tulare Street, Suite 4401
                               Fresno, California 93721
16                             (559) 497-4098

17 For the Defendant:          EDWARD MARSHALL HODGKINS III,
                                 ESQ.
18                             Law Offices of E. Marshall
                                 Hodgkins III
19                             1186 West Shaw
                               Suite 103
20                             Fresno, California 93711
                               (559) 248-0900

21

22

23

24

25 Proceedings recorded by electronic sound recording;
   transcript produced by transcription service.

1  APPEARANCES:  (Cont'd.)

2  For Randy Flowers:            YAN E. SHRAYBERMAN, ESQ.
                                 Law Offices Of Yan E.
3                                   Shrayberman
                                 Post Office Box 506
4                                Fresno, California 93709
                                 (559) 779-2315
5
   For Iran Dennis Foster:       ROGER K. LITMAN, ESQ.
6                                Law Office of Roger K. Litman
                                 7726 North First Street
7                                Suite 352
                                 Fresno, California 93720
8                                (559) 237-6000

9  For Jennifer Donabedian:      ERIC K. FOGDERUDE, ESQ.
                                 Fletcher & Fogderude, Inc.
10                               5412 North Palm Avenue
                                 Suite 101
11                               Fresno, California 93704
                                 (559) 431-9710
12
   For Rafael Guzman:            OFFICE OF THE FEDERAL DEFENDER
13                               BY:  PEGGY SASSO, ESQ.
                                 2300 Tulare Street
14                               Suite 330
                                 Fresno, California 93721
15                               (559) 487-5561

16 For Sarah Ybarra:             RICHARD A. BESHWATE, JR., ESQ.
                                 Law Office of Richard A.
17                                 Beshwate, Jr.
                                 2014 Tulare Street
18                               Suite 414
                                 Fresno, California 93721
19                               (559) 266-5000

20 Transcriber:                  Crystal Thomas
                                 Echo Reporting, Inc.
21                               4455 Morena Boulevard
                                 Suite 104
22                               San Diego, California 92117
                                 (858) 453-7590
23

24

25

1        FRESNO, CALIFORNIA  FRIDAY, APRIL 10, 2015  1:30 PM

2                              --oOo--

3            THE COURT:  This is the matter of Keith Foster,

4   Randy Flowers, Iran Dennis Foster, Jennifer Donabedian,

5   Rafael Guzman, and Sarah Ybarra.

6            And if can get counsel's appearances and then the

7   appearances of your respective clients.  So let's start with

8   how you appear on the calendar.

9            First of all, let's start with the Government.  Ms.

10  Alsworth is here, I assume.

11           MS. ALSWORTH:  Yes, your Honor.  Melanie Alsworth

12  and Duce Rice appearing for the Government.

13           THE COURT:  All right.  Thank you.

14           And Mr. Hodgkins, let's start with you on behalf of

15  your client.

16           MR. HODGKINS:  Your Honor, Keith Foster is here

17  with me in Court.

18           THE COURT:  All right.  Thank you.

19           MR. SHRAYBERMAN:  Good afternoon, your Honor.  Yan

20  Shrayberman on behalf of Mr. Flowers who is present in

21  custody, third one in on the first row.

22           THE COURT:  All right.  Thank you.

23           Mr. Lipman?

24           MR. LIPMAN:  Your Honor, Iran Dennis Foster is

25  present in court with counsel Roger Lipman.  And, your Honor,

1  my client is in the first row, second from the right.

2          THE COURT:  All right.  Thank you.  Good afternoon.

3          And Mr. Fogderude?

4          MR. FOGDERUDE:  Yes, your Honor.

5          THE COURT:  Have you filed a substitution yet?

6          MR. FOGDERUDE:  We did.

7          THE COURT:  Okay.

8          MR. FOGDERUDE:  And I couldn't see whether the

9  Court has signed it or not.  And we've received the file from

10 the former attorney.

11         Your Honor, Eric Fogderude appearing in court with

12 Jennifer Donabedian.  She has been released on conditions,

13 and she's present with me.

14         THE COURT:  All right.  Good afternoon.

15         MR. FOGDERUDE:  Good afternoon.

16         THE COURT:  Ms. Sasso?

17         MS. SASSO:  Peggy Sasso on behalf of Rafael Guzman

18 who is present in custody in the first row.

19         THE COURT:  All right.  Thank you.

20         And finally Mr. Beshwate.

21         MR. BESHWATE:  Yes.  Good afternoon, your Honor.

22 I'm here with Sarah Ybarra.  She is present in court in

23 custody, sitting in the top row, number one chair.

24         THE COURT:  Okay.  And thank you all.

25         I assume that all of you have received copies of

1 the new indictment.  Is anybody not prepared to proceed on

2 the arraignment today?

3          All right.  Hearing nothing in response, I assume

4 you all are ready.

5          Before I proceed, have all of you had a chance with

6 Ms. Alsworth to maybe confer about a date that you would like

7 to have the status hearing set?

8          MS. SASSO:  Yes, your Honor.

9          THE COURT:  All right.  And if that status hearing

10 is going to be longer than, say, two weeks out, have you

11 conferred about an exclusion of time under the speedy trial

12 calculation?

13          MS. SASSO:  It will be two weeks out, your Honor.

14          THE COURT:  It will be?  All right.

15          Let's start again in that order.  Mr. Hodgkins, if

16 you would proceed first.

17          MR. HODGKINS:  Your Honor, thank you.  We have

18 received a copy of the indictment.  Keith Foster's name is

19 correctly set forth thereon.  We waive further reading of the

20 indictment, further reading of any statutory or

21 constitutional rights.  Enter pleas of not guilty to the

22 counts that Mr. Keith Foster is charged in.

23          Do you wish me to name those, or are you okay with

24 that?

25          THE COURT:  No, we'll be fine.  In fact, I'll be

1 calling upon Ms. Alsworth to recite into the record what the

2 statutory minimums and maximums are for each of your

3 respective clients. So it's not necessary at this time, but

4 thank you.

5        MR. HODGKINS: Enter plea of not guilty and request

6 discovery.

7        THE COURT: All right. Mr. Shrayberman?

8        MR. SHRAYBERMAN: Yes, your Honor. We acknowledge

9 receipt of the indictment. My client's name is correctly set

10 forth in the indictment. We'll waive the reading of

11 constitutional and statutory rights and advisements. Enter

12 pleas of not guilty to Counts One through 11 -- through 10

13 and request discovery.

14        THE COURT: All right.

15        Mr. Lipman?

16        MR. LIPMAN: Your Honor, on behalf of Mr. Foster,

17 we would acknowledge receipt of the indictment. My client's

18 name is set out correctly therein. Waive a reading of the

19 indictment and further advisement of statutory or

20 constitutional rights. At this time, enter a plea of not

21 guilty to each charge against my client and request

22 discovery.

23        THE COURT: All right. And Mr. Fogderude on behalf

24 of Ms. Donabedian?

25        MR. FOGDERUDE: Yes. Likewise, your Honor, we've

received a copy of the indictment.  Ms. Donabedian's name is correctly set forth on that document.  At this time, she will also waive a formal advisement of her statutory and constitutional rights and enter a plea of not guilty to all counts.  She also requests discovery.

THE COURT:  All right.  Thank you.

Ms. Sasso?

MS. SASSO:  Received a copy of the indictment. Waive further reading of the indictment, further advisement of his statutory and constitutional rights.  Enter a plea of not guilty on all counts, deny any forfeiture allegations, request discovery.  And his name is correctly set forth.

THE COURT:  All right.  Thank you.

And finally Mr. Beshwate?

MR. BESHWATE:  Yes.  I have received a copy of the indictment.  Ms. Ybarra's name is set forth correctly.  We waive further reading and further advisement of the statutory and constitutional rights.  Enter not guilty pleas, deny any enhancements or allegations and request discovery.

THE COURT:  All right.  On behalf of all defendants, the Court will enter pleas of not guilty to all counts that are applicable to them, as well as denial to any enhancements or forfeiture allegations that may be contained in the indictment that pertains to them as well.

I will order discovery within the local rule time

1  frame.

2        And is the Government asking for reciprocal
3  discovery?

4        MS. ALSWORTH:  Yes, your Honor.

5        THE COURT:  All right.  Reciprocal discovery is
6  ordered.

7        Let me just advise all the clients.

8        As you all know from your initial appearances here,
9  you all are entitled to be represented by counsel, whether
10 appointed by the Court or retained by you.

11       In addition to that, I'll remind you of your rights
12 to remain silent.  You don't have to say anything about these
13 charges, and your silence can't be used nor interpreted
14 against you.  But should you elect to say something about
15 them other than to your lawyer in confidence or to his or her
16 trial team, what you do say might later be used against you.
17 So caution should be exercised in that regard.

18       And finally, I don't know what the outcome of this
19 case will be, whether or not any of you will be convicted of
20 any of the charges for which you now stand, but if you were,
21 there are potential consequences that you can face.

22       And I'm going to call upon the Government.  If you
23 would read those maximums and any minimums into the record.

24       So this may be a good time for all of you to pay
25 attention to these.

1    MS. ALSWORTH:  For each defendant, your Honor?

2    THE COURT:  Yes.

3    MS. ALSWORTH:  Beginning with Keith Foster.  For

4 Count One the maximum is 20 years term of imprisonment, a

5 million-dollar fine, three years of supervised release, $100

6 special assessment.

7    Counts Two, Four, Six and Eight, distribution of a

8 controlled substance.  The maximum penalty is 20 years

9 imprisonment, a million-dollar fine, three years supervised

10 release, $100 special assessment.

11    Count 11 is conspiracy to distribute and possess

12 with intent to distribute a controlled substance, heroin.

13 The penalty is 20 years maximum term of imprisonment, a

14 million-dollar fine, three years supervised release, $100

15 special assessment.

16    Count 12, conspiracy to distribute and possess with

17 intent to distribute a controlled substance, marijuana.  The

18 maximum penalty is five years imprisonment, a $250,000 fine,

19 two years of supervised release, and a $100 special

20 assessment.

21    And finally Count 26, use of a communication

22 facility to facilitate the commission of a felony.  The

23 penalty is a maximum four-year term of imprisonment,

24 $250,000 fine, one year of supervised release, and a $100

25 special assessment.

1    For Randy Flowers, in Count One, the maximum

2  penalty for conspiracy to distribute and possess with intent

3  to distribute a controlled substance, oxycodone, is 20 years

4  terms of imprisonment, a million-dollar fine, three years of

5  supervised release, a $100 special assessment.

6    Counts Three, Five, Seven and Nine, distribution of

7  a controlled substance, oxycodone.  The maximum penalty is 20

8  years imprisonment, a million-dollar fine, three years of

9  supervised release, a $100 special assessment.

10    Count 10, felon in possession of a firearm.  The

11  maximum penalty is a 10-year term of imprisonment, $250,000

12  fine, three years of supervised release, a $100 special

13  assessment.

14    Count 27, use of a communication facility to

15  facilitate the commission of a felony.  Four-year maximum

16  term of imprisonment, a $250,000 fine, one year of supervised

17  release, and a $100 special assessment.

18    UNIDENTIFIED SPEAKER:  It was possession with

19  intent to distribute a controlled substance.

20    MS. ALSWORTH:  Your Honor, I apologize.  On Counts

21  Three, Five, Seven and Nine for Mr. Flowers, it should be

22  possession with intent to distribute a controlled substance,

23  Oxycodone, and not the distribution.

24    THE COURT:  Thank you.

25    MS. ALSWORTH:  For Rafael Guzman, in Count 11,

1 conspiracy to distribute and possess with intent to

2 distribute a controlled substance, heroin.  The maximum

3 penalty is 20 years imprisonment, a $1,000,000 fine, three

4 years of supervised release, $100 special assessment.

5         On Count 25, conspiracy to distribute and possess

6 with intent to distribute a controlled substances,

7 methamphetamine, cocaine and heroin.  The maximum penalty is

8 20 years imprisonment, a million-dollar fine, three years of

9 supervised release, a $100 special assessment.

10         And Count 28, use of a communication facility to

11 facilitate the commission of a felony.  The maximum penalty

12 is four years imprisonment, a $250,000 fine, one year of

13 supervised release, and a $100 special assessment.

14         Iran Dennis Foster.  Count 12, conspiracy to

15 distribute and possess with intent to distribute a controlled

16 substance, marijuana.  The maximum penalty is five years

17 imprisonment, a $250,000 fine, two years of supervised

18 release, $100 special assessment.

19         Count 13, distribution of a controlled substance,

20 marijuana.  The maximum penalty is five years imprisonment, a

21 $250,000 fine, two years supervised release, $100 special

22 assessment.

23         Counts 15, 17, 19 and 20, possession with intent to

24 distribute a controlled substance, marijuana.  The maximum

25 penalty is five years imprisonment, a $250,000 fine, two

years of supervised release, $100 special assessment.

Count 21, felon in possession a firearm. The maximum penalty is a 10-year term of imprisonment, $250,000 fine, three years of supervised release, and a $100 special assessment fee.

Count 23, attempt to distribute a controlled substance, marijuana, the penalty is a five-year term of imprisonment, $250,000 fine, two years of supervised release, $100 special assessment.

Counts 24 and 29, use of a communication facility to facilitate the commission of a felony. The maximum penalty is four-year term of imprisonment, a $250,000 fine, one year of supervised release, and a $100 special assessment.

And Count 25, conspiracy to distribute and possess with intent to distribute a controlled substance, methamphetamine, cocaine and heroin. The maximum penalty is a 20-year term of imprisonment, a million-dollar fine, three years of supervised release, and $100 special assessment.

Jennifer Donabedian in Count 12, conspiracy to distribute and possess with intent to distribute a controlled substance, marijuana. The maximum penalty is a five-year term of imprisonment, a $250,000 fine, two years of supervised release, a $100 special assessment.

And Count 31, use of a communication facility to

1 facilitate the commission of a felony.  The maximum penalty
2 is a four-year term of imprisonment, a $250,000 fine, one
3 year of supervised release, and a $100 special assessment.

4          And finally Ms. Ybarra in Count 12, conspiracy to
5 distribute and possess with intent to distribute a controlled
6 substance, marijuana.  The maximum penalty is five years
7 imprisonment, a $250,000 fine, two years of supervised
8 release, $100 special assessment.

9          Count 23, attempt to distribute a controlled
10 substance, marijuana.  The maximum penalty is a five-year
11 term of imprisonment, $250,000 fine, two years of supervised
12 release, $100 special assessment.

13          And Counts 24 and 32, use of a communication
14 facility to facilitate the commission of a felony.  The
15 maximum penalty is four years imprisonment, a $250,000 fine,
16 one year of supervised release, and a $100 special
17 assessment.

18          THE COURT:  All right.  Thank you, Ms. Alsworth.

19          Counsel, with regard to a status hearing conference
20 date approximately two weeks out, I've been handed a note by
21 Madam Clerk which indicates from -- the judge who would hear
22 the status conference is Judge Oberto, and it's indicated
23 that she prefers not to have any further status conferences
24 set on April the 20th, which I think is the time that you may
25 have been contemplating.

1          Do you wish to confer among yourselves and see if

2  there is another date that might be available on Judge

3  Oberto's calendar for that status conference?

4          MS. SASSO:  Your Honor, we don't have discovery at

5  this point, so we won't be excluding time.  So I think from

6  the defense side we're happy to put it out, but I think there

7  may be objections to that.

8          THE COURT:  Without an exclusion of time, I'm sure

9  there would be.

10          MR. RICE:  Excuse me, your Honor.  I think Judge

11  Oberto, isn't she assigned to Judge O'Neill to do his status

12  conferences?

13          THE COURT:  Well, that's correct.  But I'm not sure

14  that she would be removed from hearing the status conferences

15  on this matter.  It would just be with Judge Ishii instead.

16          But Judge Boone -- well, actually, it would not be

17  Judge Boone who would also have perhaps an indication of an

18  issue.  But Judge MacAuliffe -- we could put it over to Judge

19  MacAuliffe since that's the proper alignment.

20          Now, let's go off the record for just a moment and

21  have Madam Clerk contact and make sure this is okay with

22  Judge Oberto's courtroom before we make that change.

23          So if we can go off the record for just a moment.

24  Let's check that and be sure.

25      (Discussion held off the record.)

1          THE COURT:  Let's go back on the record.

2          Judge Oberto has indicated her desire to keep the

3 case even though it's realigned with a judge that technically

4 she's not aligned with on these type of cases.  But having

5 said that, she is available on May the 4th.

6          Would the Government be comfortable in having the

7 status hearing continued to that date or set on that date

8 without an exclusion of time?

9          MS. ALSWORTH:  Your Honor, I wouldn't have any

10 objection to that date if the defense would agree so long as

11 the Government provides discovery within the 14 days, if they

12 would agree to exclude time after the discovery is provided.

13          If they could stipulate to that, then I wouldn't

14 have a problem pushing it out to May 4.

15          THE COURT:  Ms. Sasso, since you were somewhat

16 speaking for the group, is that agreeable with Ms. Guzman?

17          MS. SASSO:  Well, your Honor, we just need to talk

18 amongst ourselves for one minute.

19          THE COURT:  Sure.

20          MS. SASSO:  Thanks.

21     (Pause.)

22          MS. SASSO:  That's fine, your Honor.

23          THE COURT:  All right.  Ms. Sasso, that's agreeable

24 with your client.  Let's go down the list.

25          Mr. Hodgkins, is that agreeable with your client?

1    MR. HODGKINS:  It is.  As I understand the

2 stipulation, we would receive the initial discovery from the

3 Government within 14 days and then agree to exclude time up

4 to the hearing date, understanding -- if I can put this on

5 the record -- that we will probably by stipulation, if

6 everybody agrees, vacate that 5/4 date and put it off to

7 another date so that we can look at the discovery.

8    THE COURT:  All right.

9    Mr. Shrayberman, is that agreeable with your client

10 Mr. Flowers?

11    MR. SHRAYBERMAN:  It is, your Honor.  We will join

12 in that stipulation.

13    THE COURT:  Mr. Lipman?

14    MR. LIPMAN:  Yes, your Honor.

15    THE COURT:  All right.  And Mr. Fogderude?

16    MR. FOGDERUDE:  We join.

17    THE COURT:  All right.  And Mr. Beshwate?

18    MR. BESHWATE:  Yes.

19    THE COURT:  All right.  So the Court is going to

20 put this matter for status at 1:00 o'clock before Judge

21 Oberto on May 4th.

22    All defendants are ordered to be present at that

23 date, time and hour.  The order will be as follows:  If the

24 discovery is provided within 14 days, time is then

25 automatically ordered excluded to the date of May the 4th.

1         MS. SASSO:  Your Honor, it would be excluded as of

2 the date that we receive discovery.  I think what makes the

3 most sense is if defense -- we can file a stipulation when we

4 receive the discovery and we would exclude time at that

5 point.

6         THE COURT:  From the point that you receive it to

7 the point of May 4?

8         Is that acceptable --

9         MS. SASSO:  That's correct.

10         THE COURT:  -- to the Government?

11         MS. ALSWORTH:  That's acceptable with the

12 Government and we can include the appropriate language for

13 the time exclusion.

14         THE COURT:  Okay.  And if the stipulation isn't

15 circulated by that time, I'm sure Judge Oberto, if notified

16 of it, can just get the agreements on the record.

17         All right.  All previous orders not modified by

18 today's order, including detention orders and release orders,

19 are to remain in full force and effect.

20         Counsel, is there anything further the Court can

21 assist you with today?

22         MS. SASSO:  No, your Honor.  Thank you.

23         MS. ALSWORTH:  No, your Honor.  Thank you.

24         THE COURT:  All right.  Have a good afternoon.

25    (Proceedings concluded.)

1          I certify that the foregoing is a correct

2   transcript from the electronic sound recording of the

3   proceedings in the above-entitled matter.

4

5   /s/Crystal Thomas_____     12/28/17_____
    Transcriber, AAERT CERT *654        Date
6

7   FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

8

9   /s/L.L. Francisco_____
    L.L. Francisco, President
10  Echo Reporting, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25