1              UNITED STATES DISTRICT COURT

2             EASTERN DISTRICT OF CALIFORNIA

3

4 UNITED STATES OF AMERICA,      )  Case No. 15CR00104-AWI-SKO
                                )
5           Plaintiff,          )  Fresno, California
                                )
6 vs.                           )  Monday,
                                )  June 20, 2016
7 KEITH FOSTER, et al.,          )  1:00 p.m.
                                )
8           Defendants.         )
_____ )
9

10              TRANSCRIPT OF STATUS CONFERENCE
             BEFORE THE HONORABLE SHEILA K. OBERTO
11              UNITED STATES MAGISTRATE JUDGE

12 APPEARANCES:

13 For the Plaintiff:             DAWRENCE WAYNE RICE, JR., ESQ.
                                 Office of the United States
14                                  Attorney
                                 2500 Tulare Street
15                               Suite 4401
                                 Fresno, California 93721
16                               (559) 497-4098

17 For the Defendant:             EDWARD MARSHALL HODGKINS III,
                                    ESQ.
18                               Law Offices of E. Marshall
                                    Hodgkins III
19                               1186 West Shaw
                                 Suite 103
20                               Fresno, California 93711
                                 (559) 248-0900

21

22

23

24

25 Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

APPEARANCES: (Cont'd.)

For Ricky Reynolds:                DANIEL A. BACON, ESQ.
                                   2445 Capitol Street
                                   Suite 160A
                                   Fresno, California 93721
                                   (559) 412-4420

For Iran Denny Foster:             MARK A. BROUGHTON, ESQ.
                                   Hammerschmidt Broughton Law
                                     Corporation
                                   2445 Capitol Street
                                   Suite 150
                                   Fresno, California 93721
                                   (559) 233-5333

For Randy Flowers:                 YAN E. SHRAYBERMAN, ESQ.
                                   Law Offices Of Yan E.
                                     Shrayberman
                                   Post Office Box 506
                                   Fresno, California 93709
                                   (559) 779-2315

For Jennifer Donabedian:           ERIC K. FOGDERUDE, ESQ.
                                   Fletcher & Fogderude, Inc.
                                   5412 North Palm Avenue
                                   Suite 101
                                   Fresno, California 93704
                                   (559) 431-9710

Transcriber:                       Crystal Thomas
                                   Echo Reporting, Inc.
                                   4455 Morena Boulevard
                                   Suite 104
                                   San Diego, California 92117
                                   (858) 453-7590

<u>FRESNO, CALIFORNIA  MONDAY, JUNE 20, 2016  1:00 PM</u>

--oOo--

THE COURT:  Calling the last matter on calendar, United States versus Keith Foster, Randy Flowers, Iran Dennis Foster, Jennifer Donabedian, and Ricky Reynolds, case number 15CR00104.

If we can please have the parties' appearances.

MR. BACON:  Good afternoon, your Honor.  Dan Bacon for Ricky Reynolds whose presence has been waived.

THE COURT:  Thank you.  Good afternoon to you, Mr. Bacon.

MR. HODGKINS:  Good afternoon, your Honor.  Marshall Hodgkins on behalf of Keith Foster, who is present in court with counsel.

THE COURT:  Good afternoon to you, Mr. Hodgkins.

Good afternoon to you, Mr. Foster.

MR. BROUGHTON:  Good afternoon, your Honor.  Mark Broughton on behalf of Iran Denny Foster who is present in the white shirt.

THE COURT:  Good afternoon to you, Mr. Broughton.

And good afternoon to you, Mr. Foster.

MR. SHRAYBERMAN:  Good afternoon, your Honor.  Yan Shrayberman on behalf of Randy Flowers who is present, out of custody.

THE COURT:  Good afternoon to you, Mr. Shrayberman.

1          And good afternoon to you, Mr. Flowers.

2          MR. FOGDERUDE:  Your Honor, Eric Fogderude

3 appearing in court with Jennifer Donabedian.  She is present

4 in court standing to my left.

5          THE COURT:  Good afternoon to you, Mr. Fogderude.

6          And good afternoon to you, Ms. Donabedian.

7          And on behalf of the United States?

8          MR. RICE:  Duce Rice appearing for the United

9 States, your Honor.  Thank you.

10          THE COURT:  Good afternoon to you, Mr. Rice.

11          This is the time and place for a trial setting.  On

12 what date would the parties like me to set the trial before

13 Judge O'Neill?

14          MR. HODGKINS:  Your Honor, I have both met with the

15 prosecution and emailed with them, and we are agreeable to

16 something and then would like to ask you for something.  We

17 are agreeable to a trial date of May 9, 2017, and I believe

18 all parties agree to that.

19          MR. RICE:  That's correct for the United States.

20          THE COURT:  And that would be the earliest trial

21 date we can set in this case?

22          MR. HODGKINS:  Yes, which gets into the second

23 point.  There is still some discovery which is outstanding.

24 I'd be glad to explain if the Court would like me to.

25          THE COURT:  Please do.

1          MR. HODGKINS:  On March 20th of this year, I

2 delivered a terabyte, at the prosecution's request, to them.

3 That terabyte was not delivered to me until May 20th,

4 approximately one month ago, and it contains a Cellebrite

5 extraction of five out of six devices, one of which is very

6 important.  That happens to be Keith Foster's cell phone with

7 all of the text messages in it.  That in and of itself is 915

8 pages.

9          I don't know, to tell you right now, how much the

10 other devices are.  But I have been informed -- and I know

11 they're working diligently.  I'm not casting any aspersions.

12 But I have been informed that there is one device, which

13 happens to be an office computer that they're having some

14 difficulty with.

15          And that is the reason.

16          THE COURT:  Okay.  Mr. Rice?

17          MR. RICE:  That's my understanding as well.  We're

18 still having difficulty with Mr. Foster's work computer.

19 Everything else is out.  Offers have been extended.

20          THE COURT:  Okay.  The indictment was filed on

21 April 9, 2015.  How long do you think it will take to provide

22 the additional information?

23          MR. RICE:  I do not know.  I'm not a computer

24 expert.

25          THE COURT:  Your computer expert has no idea when

the information will be provided?

       MR. RICE:  I haven't been provided that information.  Ms. Alsworth has been dealing more with those matters, but unfortunately she's out sick today.

       THE COURT:  Do you know, Mr. Rice, if there's any additional discovery that needs to be provided in addition to that information?

       MR. RICE:  I don't think so.  I think that's it.

       And as a practical thing, we don't think we're going to find anything on that work computer.  That's for Mr. Keith Foster.

       THE COURT:  Given that representation, is there any reason why we can't set the trial before May 9, 2017?  And I would note that would be more than two years after the arraignment.

       MR. HODGKINS:  This case involves over 40,000 written Bates stamped pages.  That does not include all of the audio wiretaps, which as to Mr. Keith Foster I have had transcribed every single one of them.  It's a massive case. And to be honest with you, just the organization part of it has been very difficult for me, especially when you receive it in parcels the way I have received it.

       I took the time, your Honor, to go see Mr. Duce Rice and Melanie Alsworth last week because I was concerned about this.  I went over to their office, and I explained the

1 difficulty that I was having.  And we were able to agree on

2 this, because -- or I believe in part, they understand my

3 difficulty in organizing and getting this thing ready for

4 trial.

5         I believe Mr. Foster is going to trial.  I don't

6 believe I'm standing in front of you and saying that and then

7 you're going to get a change of plea, which means a whole

8 level of focus and concentration.  I don't think I can do

9 better than May 9th.

10        THE COURT:  Does any other counsel wish to be

11 heard?

12        MR. BACON:  I agree, your Honor, that it is

13 massive, especially for his case.  My case isn't as

14 complicated, obviously.  But just looking through it, I would

15 agree that Mr. Foster's case is -- it's overwhelming, the

16 amount of material.  And I have another trial, your Honor,

17 that has been scheduled with Judge O'Neill the end of

18 February that I believe is going to be tried.

19        And I think May 9th is an agreeable date with all

20 parties.

21        THE COURT:  This trial would be before Ishii.

22        MR. BACON:  I just have a trial with -- I'm just

23 informing the Court --

24        THE COURT:  Okay.

25        MR. RICE:  I might add, your Honor, when Mr.

1 Hodgkins and I spoke last week, I believe he has a special

2 circumstances trial also this fall, which is a complicating

3 matter for him.

4            THE COURT:  I can set the trial on May 9, 2017

5 before Judge Ishii.  The trial will be a firm trial date.  My

6 only concern is the fact that it's almost a year away.

7            What I'm going to do -- would the parties like me

8 to set any status conferences?

9            MR. HODGKINS:  Yes, which gets into my second

10 point.

11            Because we still have discovery outstanding -- and

12 it's my understanding although the jury trial will be in

13 front of Ishii, we can still set a status conference here --

14 I'm asking for that status conference to see if we have

15 compliance with all of the discovery in two months.

16            THE COURT:  Let's do that.

17            Is the May 9, 2017 date acceptable to all other

18 counsel?

19            MR. BROUGHTON:  Yes, your Honor.

20            MR. SHRAYBERMAN:  Yes, your Honor.

21            MR. FOGDERUDE:  Yes, your Honor.

22            MR. RICE:  Yes, your Honor.

23            THE COURT:  What I'm going to do is ask each of you

24 your position with respect to time exclusion.

25            So let's start with you, Mr. Hodgkins.  Is there

1 any objection to exclusion of time through and including the

2 9th of May, 2017?

3          MR. HODGKINS:  No.

4          THE COURT:  And you've set forth your reasons on

5 the record.

6          And Mr. Fogderude?

7          MR. FOGDERUDE:  No objection, your Honor.

8          THE COURT:  No objection to exclusion of time?

9          MR. FOGDERUDE:  Correct, no objection.

10          THE COURT:  Do you also believe that you need time

11 for defense preparation and investigation through and

12 including May 9th?

13          MR. FOGDERUDE:  Yes.

14          THE COURT:  Thank you.

15          Mr. Broughton?

16          MR. BROUGHTON:  Yes, your Honor.  No objection to

17 exclusion of time.  And yes, we do need time because of the

18 reasons that were set forth.

19          THE COURT:  Okay.  Mr. Bacon, any objection to

20 exclusion of time?

21          MR. BACON:  No, your Honor.  There's no objection

22 to the time exclusion.  As stated before, my case is not as

23 complicated as some of the others, but I understand the

24 necessity of the delay.

25          THE COURT:  Do you believe that you also need time

1 through and including 9th of May, given the fact that Mr.

2 Reynolds is a co-defendant in this case, to prepare for

3 trial?

4       MR. BACON:  Yes, your Honor.

5       THE COURT:  Thank you.

6       Mr. Shrayberman, any objection to time exclusion

7 through and including the 9th of May?

8       MR. SHRAYBERMAN:  your Honor, no objection.

9       In regards to the next status hearing, I would ask

10 that the Court excuse my client's presence.  He works

11 full-time and if he comes to Court in two months, he has to

12 take basically a whole day off and it affects him

13 financially.

14       THE COURT:  So ordered.

15       The trial in this case will be set for May 9, 2017

16 and that will be at 8:30 a.m. before District Judge Ishii.

17 Time will be excluded through and including the date of the

18 next hearing for defense preparation, continued investigation

19 for receipt and review of discovery, and for continuity of

20 counsel.  And I'll also find that the ends of justice

21 outweigh the interests of the defendants and the public in a

22 speedy trial.

23       And with regard to the next status conference, I

24 can set it for -- is the 6th of September acceptable?  That's

25 a little more than two months, but that will give you time to

1 make sure you receive anything else you need.

2          I can also set it for the 19th.

3          UNIDENTIFIED SPEAKER:  The 6th or the 19th is

4 acceptable, your Honor.

5          MR. FOGDERUDE:  The same on behalf of Ms.

6 Donabedian.  Either date.

7          THE COURT:  Okay.  Mr. Rice, do you have a

8 preference?

9          MR. RICE:  Probably the 19th.  I'm going to be out

10 of state I anticipate on September the 6th back on the East

11 Coast for work.

12          THE COURT:  If there is no preference, what I'm

13 going to do is set the next status conference for September

14 19, 2016 and that will be at 1:00 p.m.  And I've already

15 excluded time through and including the trial date, which

16 would include the date of the next status conference.

17          Is there anything else I can assist the parties

18 with?

19          Yes, Mr. Broughton.

20          MR. BROUGHTON:  With respect to Denny Foster, Iran

21 Foster, your Honor, he has the same issues I believe as the

22 other gentleman, that he works full-time, he has to take off

23 work and so forth.  I would ask that his presence be excluded

24 only for that 19th of September hearing.

25          THE COURT:  The presence, yes.  The presence will

1  be excluded.

2      Mr. Foster, it will be excluded for the 19th of

3  September.

4      And the previous exclusion also will apply to the

5  19th of September only.  We don't have any other dates set.

6      MR. BROUGHTON:  Correct.

7      THE COURT:  So at this time, the waiver is only for

8  the 19th and whoever would like me to can set forth that on

9  the record.

10     UNIDENTIFIED SPEAKER:  Your Honor, is the Court

11 going to set a pretrial date?  Is Judge Ishii --

12     THE COURT:  Judge Ishii will be issuing a pretrial

13 order that will set forth the pretrial date and the motion in

14 limine hearing dates.

15     And if there's anything else I can assist you with,

16 I will do so on September 19th.  Okay.  Thank you very much.

17 The Court stands in recess.

18     (Proceedings concluded.)

19

20

21

22

23

24

25

1          I certify that the foregoing is a correct

2 transcript from the electronic sound recording of the

3 proceedings in the above-entitled matter.

4

5 /s/Crystal Thomas_____          12/28/17_____
  Transcriber, AAERT CERT *654          Date

6

7 FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

8

9 /s/L.L. Francisco_____
  L.L. Francisco, President
10 Echo Reporting, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Echo Reporting, Inc.*