UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. SHEILA K. OBERTO, MAGISTRATE JUDGE

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )   No. 15-CR-104-AWI
                               )
vs.                            )   INITIAL APPEARANCE
                               )
KEITH FOSTER, RANDY FLOWERS,   )
IRAN DENNIS FOSTER, JENNIFER   )
DONABEDIAN, RAFAEL GUZMAN      )
and SARAH YBARRA,              )
                               )
          Defendants.          )
_____)

Fresno, California            Friday, March 27, 2015


REPORTER'S TRANSCRIPT OF PROCEEDINGS


KAREN HOOVEN, RMR-CRR

Official Court Reporter

CSR No. 5816

APPEARANCES OF COUNSEL:

For the Plaintiff:              United States Attorney's Office
                                BY: **MELANIE ALSWORTH**
                                and **DAWRENCE RICE**
                                2500 Tulare Street
                                Suite 4401
                                Fresno, California 93721


For the Defendant              **MARSHALL HODGKINS**
Keith Foster:                  Attorney at Law
                                1186 West Shaw
                                Suite 103
                                Fresno, California 93711


For the Defendant              **YAN SHRAYBERMAN**
Randy Flowers:                 Attorney at Law
                                PO Box 506
                                Fresno, California 93709


For the Defendants             Federal Defender's Office
Rafael Guzman and              BY: **PEGGY SASSO**
Iran Dennis Foster:            2300 Tulare Street
                                Suite 330
                                Fresno, California 93721


For the Defendants             **ROBERT LAMANUZZI**
Jennifer Donabedian            Attorney at Law
and Sarah Ybarra:              2020 Tulare Street
                                Suite A
                                Fresno, California 93721

1  Friday, March 27, 2015                    Fresno, California

2  1:35 p.m.

3        THE COURT:  Calling the second matter on calendar.

4  United States versus Keith Foster, Randy Flowers, Iran Dennis

5  Foster, Jennifer Donabedian, Rafael Guzman and Sarah Ybarra.

6        MR. HODGKINS:  Good afternoon, Your Honor.  Marshall

7  Hodgkins on behalf of Keith Foster, who is present in court.

8        MR. SHRAYBERMAN:  Good afternoon, Your Honor, Yan

9  Shrayberman on behalf of Randy Flowers, who's present in court

10  in custody in the first row with glasses.

11        THE COURT:  Thank you.  We'll wait for the remaining

12  appearances.

13        MR. LAMANUZZI:  Thank you, Your Honor.  Robert

14  Lamanuzzi on behalf of Jennifer Donabedian.  She is present in

15  custody.  And I'm specially appearing for Richard Beshwate on

16  behalf of Sarah Ybarra.  Mr. Beshwate fell ill late this

17  morning and is currently either at the doctor or hospital, I

18  haven't figured out exactly which one yet.

19        THE COURT:  Thank you very much.  And on behalf of

20  Mr. Iran Davis Foster and Mr. Guzman, do we have any

21  appearances?

22        MS. SASSO:  Yes, Your Honor.  Peggy Sasso on behalf

23  of Rafael Guzman, who is present in custody.  And I'm making a

24  special appearance on behalf of Roger Litman for Iran Dennis

25  Foster.

1          THE COURT:  Thank you very much, Ms. Sasso.

2          MS. ALSWORTH:  Your Honor, Melanie Alsworth appearing

3     on behalf of the government.

4          THE COURT:  Good afternoon, counsel.

5          I'm going to address all of you and then I will read

6     the specific charges in the complaint to you separately.

7          A complaint has been filed against you dated March

8     25th, 2015.  And before I read the charges, I'm going to go

9     over some rights that you have.

10         You each have the right to be represented by an

11    attorney.  If you can't afford an attorney, I will appoint an

12    attorney for you.  You each also have the right to remain

13    silent.  Anything you say can and will be used against you.

14         I'm going to address you first, Mr. Keith Foster.

15    Sir, is your name Keith Foster?

16         DEFENDANT KEITH FOSTER:  Yes.

17         THE COURT:  Mr. Foster, the complaint charges you

18    with the following violations:  You're charged with conspiracy

19    to distribute and/or possess with the intent to distribute

20    Oxycodone in violation of 21 USC Sections 846 and 841(a)(1).

21    This charge carries a maximum possible penalty of up to 20

22    years in custody, a fine of up to one million dollars, up to a

23    three year term of supervised release and a $100 special

24    assessment.

25         In Count Two, you're charged with conspiracy to

1   distribute and to possess with the intent to distribute

2   marijuana in violation of 21 USC Sections 846 and 841(a)(1).

3   This charge carries up to a five-year term in custody, a fine

4   of up to $250,000, up to a two-year term of supervised release

5   as well as $100 special assessment.

6           And you're also charged in Count Three with

7   conspiracy to distribute and/or possess with the intent to

8   distribute heroin in violation of 21 USC Sections 846 and

9   841(a)(1).  This charge carries a maximum possible penalty of

10  up to 20 years in custody, a fine of up to one million

11  dollars, up to a three-year term of supervised release and a

12  $100 special assessment.

13          Do you understand the charges that you're facing and

14  the maximum possible penalties if you're convicted of these

15  offenses?

16          DEFENDANT KEITH FOSTER:  Yes.

17          THE COURT:  Thank you.  And Mr. Hodgkins, have you

18  been retained or are you going to be appointed?

19          MR. HODGKINS:  I'm retained.

20          THE COURT:  Thank you very much.  And on behalf of

21  Mr. Foster, have you received a copy of the criminal

22  complaint?

23          MR. HODGKINS:  I have.  May I proceed?

24          THE COURT:  Yes, you may.  Thank you.

25          MR. HODGKINS:  We have received a copy of the

1  criminal complaint.  His name is correctly set forth thereon.

2  We waive further reading of the complaint, further reading of

3  any statutory or constitutional rights, enter pleas of not

4  guilty to those counts that Mr. Foster is charged in and ask

5  that the matter be set for a preliminary hearing within the

6  statutory period of time.

7          THE COURT:  Thank you very much, Mr. Hodgkins.

8          Mr. Foster, you're also entitled to be released if

9  there are conditions or a combination of conditions that would

10  assure the safety of the community as well as assure your

11  appearance at all future court proceedings.  Is the government

12  requesting detention, Ms. Alsworth?

13          MS. ALSWORTH:  No, Your Honor.  The government is

14  going to be submitting on the report prepared by pretrial

15  services.

16          THE COURT:  Thank you very much.  I have spoken with

17  Supervisory Pretrial Services Officer Monte Olson and my

18  understanding is that the recommendation is for release based

19  on Mr. Foster's stable residence, his lifelong -- he is a

20  lifelong resident of the community.  He does not have a prior

21  history.  He has worked for the Fresno police department for a

22  number of years and there is no history of substance abuse.

23          And Mr. Olson, if I can please have you read the

24  conditions of release into the record.  And Mr. Foster, please

25  listen carefully to the conditions of release because you will

1  be required to follow them.  Thank you.

2          PRETRIAL SERVICES OFFICER OLSON:  Thank you, Your

3  Honor.  Mr. Foster, you are released on your own recognizance.

4  You shall report to and comply with the rules and regulations

5  of the Pretrial Services Agency.  You shall report in person

6  to the Pretrial Services Agency on the first working day

7  following your release from custody.

8          You are to reside at a location approved by the

9  pretrial services office and not move or absence yourself from

10  this residence for more than 24 hours without the prior

11  approval of the Pretrial Services Officer.

12          You shall cooperate in the collection of a DNA

13  sample.

14          Your travel is restricted to the Eastern District of

15  California unless otherwise approved in advance by the

16  Pretrial Services Officer.  You shall not obtain a passport or

17  other travel documents during the pendency of this case.

18          You shall not possess a firearm, ammunition,

19  destructive device or other dangerous weapon.  Additionally,

20  you shall provide written proof of divestment of all firearms

21  and ammunition currently under your control.

22          You shall participate in a program of medical or

23  psychiatric treatment and take all medications as prescribed

24  by a licensed medical practitioner as approved by the Pretrial

25  Services Officer.  You shall pay all or part of the cost of

1  the counseling services based upon your ability to pay as

2  determined by the Pretrial Services Officer.

3          And you shall not associate or have any contact with

4  Randy Flowers, Iran Dennis Foster, Jennifer Donabedian, Rafael

5  Guzman and Sarah Ybarra unless in the presence of counsel or

6  otherwise approved in advance by the Pretrial Services

7  Officer.

8          THE COURT:  Thank you very much, Mr. Olson.

9          Mr. Foster, do you understand those conditions?

10         DEFENDANT KEITH FOSTER:  Yes.

11         THE COURT:  And you will follow the conditions?

12         DEFENDANT KEITH FOSTER:  Yes.

13         THE COURT:  Thank you very much.  I will set the

14  preliminary hearing after I have addressed everyone.

15         Moving now to Mr. Flowers.  Which of you, sir, is Mr.

16  Flowers?  Good afternoon to you, sir.  Is your name Randy

17  Flowers?

18         DEFENDANT FLOWERS:  Yes, ma'am.

19         THE COURT:  Mr. Flowers, the complaint charges you

20  with the following violation:  You are charged with conspiracy

21  to distribute and/or possess with the intent to distribute

22  Oxycodone in violation of 21 USC Section 846 and 841(a)(1).

23  This charge carries up to 20 years in custody, up to a one

24  million dollar fine, up to a three-year term of supervised

25  release and a $100 special assessment.

1          Do you understand what you're charged with and the

2    maximum possible penalties --

3          DEFENDANT FLOWERS:  Yes, ma'am.

4          THE COURT:  -- that could be imposed if you're

5    convicted of this offense?

6          DEFENDANT FLOWERS:  Yes, ma'am.

7          THE COURT:  And Mr. Shrayberman, have you been

8    retained?

9          MR. SHRAYBERMAN:  I have, Your Honor.

10         THE COURT:  Thank you very much.  On behalf of Mr.

11   Flowers, have you received a copy of the criminal complaint?

12         MR. SHRAYBERMAN:  I have, Your Honor.  We'll

13   acknowledge receipt of the criminal complaint, waive the

14   reading of the complaint, waive advisement of constitutional

15   and statutory rights, enter pleas of not guilty to all the

16   counts in which Mr. Flowers is charged and request to set this

17   matter within statutory time for preliminary hearing.  And I

18   will reserve the issue of detention.

19         THE COURT:  Thank you very much, Mr. Shrayberman.

20   With respect to detention, Mr. Flowers, you're entitled to be

21   released if there are conditions or combination of conditions

22   that would assure your appearance at all future court

23   proceedings and assure the safety of the community.

24         Is the government requesting detention?

25         MS. ALSWORTH:  The government is.

1        THE COURT:  Thank you very much.  And on what date

2    would the parties like me to set the detention hearing?

3        MR. SHRAYBERMAN:  Your Honor, I spoke with the

4    Pretrial Services Officer and the earliest available date

5    would be this coming Wednesday.

6        THE COURT:  Okay.  Is that acceptable to you, Ms.

7    Alsworth?

8        MS. ALSWORTH:  It is, Your Honor.

9        THE COURT:  Thank you.  I will set the detention

10   hearing for Wednesday, April 1st at 1:30 p.m. and I'll order

11   that you remain temporarily detained pending the outcome of

12   the detention hearing.

13       Which of you, sir, is Iran Dennis Foster?

14       DEFENDANT IRAN FOSTER:  I am.

15       THE COURT:  Good afternoon to you, sir.  Is your name

16   Iran Dennis Foster?

17       DEFENDANT IRAN FOSTER:  Yes.

18       THE COURT:  Mr. Foster, the complaint charges you

19   with the following violations.  In Count Two, you're charged

20   with a violation of 21 USC Sections 846 and 841(a)(1),

21   conspiracy to distribute and/or possess with the intent to

22   distribute marijuana.  This charge carries up to five years in

23   custody, a fine of up to $250,000, up to a two-year term of

24   supervised release and $100 special assessment.

25       You're also charged with use of a communication

1  facility to commit a drug offense in violation of 21 USC

2  Section 843(b).  This charge carries up to four years in

3  custody, a fine of up to $250,000.  You're also facing up to a

4  one-year term of supervised release and a $100 special

5  assessment.

6          Do you understand the charges against you and the

7  maximum possible penalties that could be imposed if you're

8  convicted of these offenses?

9          DEFENDANT IRAN FOSTER:  Yes.

10         THE COURT:  Thank you.  You are -- as I indicated to

11 you earlier, you have the right to appointed counsel.  And do

12 you wish that I appoint counsel for you?

13         DEFENDANT IRAN FOSTER:  Yes.

14         THE COURT:  Thank you very much.  I've reviewed your

15 financial affidavit and find that you are eligible for

16 appointment of counsel.  And did you -- Ms. Sasso, did you

17 indicate that Mr. Litman has been appointed?

18         MS. SASSO:  Yes, Your Honor.

19         THE COURT:  Thank you very much.  And for today's

20 purposes, Mr. Foster, is it acceptable to you if Mr. -- Ms.

21 Sasso stands in for Mr. Litman, who will be your attorney?

22         DEFENDANT IRAN FOSTER:  Yes.

23         THE COURT:  Thank you very much.  Ms. Sasso.

24         MS. SASSO:  Yes, Your Honor.  We received a copy of

25 the complaint, waive further reading of the complaint, further

1  advisement of his statutory and constitutional rights, deny

2  all allegations set forth.  His name is correctly set forth on

3  the complaint.  And we would request the matter set for

4  preliminary hearing.

5      THE COURT:  Thank you very much.  With respect to

6  detention, you're entitled to be released if there are

7  conditions or combination of conditions that would assure your

8  appearance at all future court proceedings and ensure the

9  safety of the community.  Is the government seeking detention?

10     MS. ALSWORTH:  The government is seeking detention,

11 yes, Your Honor.

12     THE COURT:  And on what date would the parties like

13 me to set the detention hearing?

14     MS. SASSO:  On Tuesday, Your Honor.

15     THE COURT:  Thank you very much.  A detention hearing

16 will be on Tuesday, April 1st at 1:30 p.m.  And I'll order

17 that you remain temporarily detained pending the outcome of

18 the detention hearing.  Wednesday, April 1st.

19     MS. SASSO:  Tuesday.

20     MS. ALSWORTH:  Tuesday.

21     THE COURT:  I'm sorry.  You would like me to set it

22 for Tuesday, the 31st?

23     MS. SASSO:  That's correct, Your Honor.

24     THE COURT:  Thank you very much.  The detention

25 hearing will be on Tuesday, March 31st.

1    Which of you, ma'am, is Jennifer Donabedian?

2    DEFENDANT DONABEDIAN:  I am.

3    THE COURT:  Good afternoon to you.  Is your name

4  Jennifer Donabedian?

5    DEFENDANT DONABEDIAN:  Yes.

6    THE COURT:  Ms. Donabedian, the complaint charges you

7  with the following violation.  You're charged with conspiracy

8  to distribute and/or possess with the intent to distribute

9  marijuana in violation of 21 USC Sections 846 and 841(a)(1).

10  This charge carries up to five years in custody, a fine of up

11  to $250,000, up to a two-year term of supervised release as

12  well as a $100 special assessment.

13    Do you understand what you're charged with and the

14  maximum possible penalties that could be imposed if you're

15  convicted of this offense?

16    DEFENDANT DONABEDIAN:  Yes.

17    THE COURT:  Thank you.  And Mr. Lamanuzzi, are

18  you -- have you been retained?

19    MR. LAMANUZZI:  Yes, Your Honor.

20    THE COURT:  Thank you very much.  On behalf of Ms.

21  Donabedian, have you received a copy of the complaint?

22    MR. LAMANUZZI:  Yes, we have, Your Honor.  We

23  acknowledge receipt and waive a formal reading and advisement

24  of constitutional and statutory rights.  Her name is set forth

25  correctly.  We would deny any of the -- the sole allegation

1   alleged against her and request a preliminary hearing.

2         THE COURT:  Thank you very much.  Ms. Donabedian,

3   with regard to detention, you're entitled to be released if

4   there are conditions or combination of conditions that would

5   assure your appearance at all future court proceedings and

6   ensure the safety of the community.  Is the government

7   requesting detention?

8         MS. ALSWORTH:  Your Honor, I've spoken with Mr. Scott

9   and with Mr. Lamanuzzi, and the government is going to be

10   submitting on the pretrial services report.

11         THE COURT:  Thank you very much.  Does the matter

12   stand submitted?

13         MR. LAMANUZZI:  Yes, Your Honor.

14         THE COURT:  Thank you.  Ms. Donabedian, I have

15   reviewed the pretrial services report and it's my

16   understanding that you're a native and long time resident of

17   Fresno.  You have a stable residential history.  You have

18   significant family ties to the area and you also have a

19   lengthy employment background.

20         So for all those reasons, I'm going to follow the

21   recommendation and order that you be released on the

22   conditions that I'm going to ask Mr. Scott to read into the

23   record.  Please listen carefully to the conditions because you

24   will be required to follow all of them.

25         Mr. Scott, if we can please modify condition number

1  nine to list the co-defendants, please.

2          PRETRIAL SERVICES OFFICER SCOTT:  Yes, Your Honor.  I

3  can do that.

4          THE COURT:  Thank you very much.  And with that

5  modification, if you can please read the conditions.

6          PRETRIAL SERVICES OFFICER SCOTT:  Yes, Your Honor.

7          Ms. Donabedian, you shall be released on your

8  personal recognizance subject to the following special

9  conditions of release:

10          You shall report to and comply with the rules and

11  regulations of the Pretrial Services Agency.  You shall report

12  in person to the Pretrial Services Agency on the first working

13  day following your release from custody.

14          You are to reside at a location approved by the

15  Pretrial Services Officer and not move or absent yourself from

16  this residence for more than 24 hours without the prior

17  approval of the Pretrial Services Officer.  Your travel is

18  restricted to the Eastern District of California unless

19  otherwise approved in advance by the Pretrial Services

20  Officer.

21          You shall not possess a firearm, ammunition,

22  destructive device or other dangerous weapon.  Additionally,

23  you shall provide written proof of divestment of all firearms

24  and ammunition currently under your control.

25          You shall refrain from the excessive use of alcohol

1    or any use of a narcotic drug or other controlled substance

2    without a prescription by a licensed medical practitioner.

3    And you shall notify pretrial services immediately of any

4    prescribed medications.  However, medicinal marijuana,

5    prescribed or not, may not be used.

6    You shall submit to drug and/or alcohol testing as

7    approved by the Pretrial Services Officer.  You shall pay all

8    or part of the cost of the testing services based upon your

9    ability to pay as determined by the Pretrial Services Officer.

10   You shall participate in a program of medical or

11   psychiatric treatment, including treatment for drug or alcohol

12   dependency as approved by the Pretrial Services Officer.  You

13   shall pay all or part of the costs of the counseling services

14   based upon your ability to pay as determined by the Pretrial

15   Services Officer.

16   You shall not associate or have any contact with the

17   following co-defendants:  Randy Flowers, Iran Dennis Foster,

18   Rafael Guzman, and Sarah Ybarra unless in the presence of

19   counsel or otherwise approved in advance by the Pretrial

20   Services Officer.  And you shall report any contact with law

21   enforcement to your Pretrial Services Officer within 24 hours.

22   Your Honor, we need to add one more person to the

23   co-defendants that -- as part of the non-association.  And

24   that you not have any contact or association with Keith Foster

25   as well.

1          THE COURT:  Thank you very much.  And as far as

2    reporting to pretrial services, do Mr. Foster and Ms.

3    Donabedian need to do that after court today?

4          PRETRIAL SERVICES OFFICER OLSON:  Yes, Your Honor.

5    Mr. Foster will report to pretrial services immediately.  And

6    then Ms. Donabedian will have to report on Monday because by

7    the time she gets released, it will be after hours.

8          THE COURT:  You understand, Mr. Foster, you are to

9    report to pretrial services immediately after court concludes

10   today.  Thank you.

11         Which of you, sir, is Mr. Rafael Guzman?

12         Good afternoon to you, Mr. Guzman.

13         The complaint charges you with the following

14   violations.  You're charged with conspiracy to distribute

15   and/or possess with the intent to distribute heroin in

16   violation of 21 USC Section 846 and Section 841(a)(1).  This

17   charge carries a maximum possible penalty of up to 20 years in

18   custody, a fine of up to one million dollars, up to a

19   three-year term of supervised release and a $100 special

20   assessment.

21         Do you understand the charge against you and the

22   maximum possible penalties that could be imposed if you're

23   convicted of this offense?

24         DEFENDANT GUZMAN:  Yes, ma'am.

25         THE COURT:  Yes?  Thank you very much.  And do you

1  wish that I appoint an attorney for you?  As I --

2       DEFENDANT GUZMAN:  Yes, ma'am.

3       THE COURT:  -- indicated earlier, you have the right

4  to appointed counsel.

5       DEFENDANT GUZMAN:  Yes, ma'am.

6       THE COURT:  Thank you very much.  I have reviewed

7  your financial affidavit and find that you are eligible for

8  appointment of counsel.

9       And Ms. Sasso, your office will be appointed counsel

10  for Mr. Guzman?

11       MS. SASSO:  Yes, Your Honor.  Thank you.  We've

12  received a copy of the complaint, waive further reading of the

13  complaint, further advisement of the statutory and

14  constitutional rights, deny the allegations set forth.  His

15  name is correctly set forth on the indictment and -- on the

16  complaint.  And we would ask the matter be set for a

17  preliminary hearing.

18       THE COURT:  Thank you very much.  With respect to

19  detention, Mr. Guzman, you're entitled to release if there are

20  conditions or combination of conditions that would assure your

21  appearance at all future court proceedings and ensure the

22  safety of the community.  Is the government requesting

23  detention?

24       MS. ALSWORTH:  Yes, Your Honor.

25       THE COURT:  And on what date would the parties like

1  me to set the detention hearing?

2          MS. SASSO:  On Tuesday, the 31st, Your Honor.

3          THE COURT:  Thank you very much.  The detention

4  hearing will be on Tuesday, March 31st at 1:30 p.m. and I'm

5  going to order that you remain temporarily detained pending

6  the outcome of the detention hearing.

7          And finally, Ms. Ybarra, is your true name Sarah

8  Ybarra?

9          DEFENDANT YBARRA:  Yes, ma'am.

10         THE COURT:  Ms. Ybarra, the complaint charges you

11 with the following violations.  You're charged with conspiracy

12 to distribute and/or possess with the intent to distribute

13 marijuana in violation of 21 USC Sections 846 and 841(a)(1).

14 This charge carries up to five years in custody, a fine of up

15 to $250,000, a two-year term of supervised release and a $100

16 special assessment.

17         In Count Four, you're charged with use of a

18 communication facility to commit a drug offense in violation

19 of 21 USC Section 843(b).  This charge carries a maximum

20 possible penalty of up to four years in custody, up to a

21 $250,000 fine, up to a one-year term of supervised release and

22 a $100 special assessment.

23         Do you understand what you're charged with and the

24 maximum possible penalties that could be imposed if you're

25 convicted of these offenses?

1          DEFENDANT YBARRA:  Yes, ma'am.

2          THE COURT:  Thank you.  And as I indicated earlier,

3     you have the right to appointed counsel.  And you wish that I

4     appoint counsel for you?

5          DEFENDANT YBARRA:  Yes, ma'am.

6          THE COURT:  Thank you very much.  I've reviewed your

7     financial affidavit and find that you are eligible for

8     appointment of counsel.  And it's my understanding that Mr.

9     Beshwate will be your appointed counsel.

10          Is it acceptable to you if Mr. Lamanuzzi stands in

11     for Mr. Beshwate for this hearing only?

12          DEFENDANT YBARRA:  Yes, ma'am.

13          THE COURT:  Thank you very much.  Mr. Lamanuzzi, have

14     you had an opportunity to review the complaint?

15          MR. LAMANUZZI:  Yes, Your Honor.  Acknowledge receipt

16     and waive formal advisement of constitutional and statutory

17     rights.  Ms. Ybarra's name is correctly set forth on the

18     document.  And she is entering denials to the allegations.

19          THE COURT:  Thank you.  With regard to detention, Ms.

20     Ybarra, you're entitled to be released if there are conditions

21     or combination of conditions that would assure your appearance

22     at all future court proceedings and ensure the safety of the

23     community.  Is the government requesting detention?

24          MS. ALSWORTH:  The government is, Your Honor.

25          THE COURT:  Thank you very much.  And would you like

1   me to set that detention hearing also for March 31st?

2        MR. LAMANUZZI: We'd actually ask for Thursday, April

3   2nd, I believe that would be.

4        THE COURT: I can set it for Thursday, April 2nd at

5   1:30 p.m. And I will order that you remain temporarily

6   detained pending the outcome of the detention hearing.

7        With regard to the preliminary hearing, would you

8   like me to set that for Friday, April 10th or on an earlier

9   date?

10        MS. ALSWORTH: That's two weeks from today; correct?

11        THE COURT: Correct.

12        MS. ALSWORTH: That's fine.

13        THE COURT: The preliminary hearing will be on

14   Friday, April 10th at 1:30 p.m. is there anything further?

15        MS. ALSWORTH: Yes, Your Honor. May I have just a

16   moment, please?

17        THE COURT: Certainly.

18     (Discussion between counsel, not reported.)

19        MS. ALSWORTH: Your Honor, if we could return to

20   Keith Foster for just a moment, please.

21        THE COURT: Certainly.

22        MS. ALSWORTH: Whenever the Court is ready.

23        THE COURT: I'm ready.

24        MS. ALSWORTH: Okay. I have requested that there be

25   a change to the conditions that were read earlier. There's

1    not a condition that prevents him from obtaining a

2    prescription for Oxycodone and that's the subject of this

3    current case.  And I would ask that the Court modify the

4    condition just to add one that is similar to one that is

5    listed in Mr. -- Ms. Donabedian's number 6.  "You shall

6    refrain from excessive use of alcohol or any use of a narcotic

7    drug or other controlled substance without a prescription by a

8    licensed medical practitioner."  But add some language in

9    there that addresses the Oxycodone prescription because he

10   should not be in possession of that from the government's

11   standpoint.

12            THE COURT:  Nor should any other persons in this

13   case.  Correct, Mr. Olson?

14            PRETRIAL SERVICES OFFICER OLSON:  Your Honor, I

15   just -- I interviewed Mr. Foster.  He is prescribed that

16   particular substance by a licensed medical practitioner.  So I

17   guess we could -- we could order that he not obtain a

18   prescription for the drug.  I don't know.  I'm not -- I'm not

19   a medical doctor, Your Honor.

20            THE COURT:  Let's do this.  Let's include a condition

21   that Mr. Foster not obtain a prescription for Oxycodone unless

22   that prescription has been authorized by a medical

23   practitioner and approved by the Pretrial Services Officer.

24            MS. ALSWORTH:  Your Honor, I can't agree to that.

25   That's -- as I've indicated, that's the subject of this case

1    is that there were prescriptions that were obtained for

2    Oxycodone and the government's allegation is that they were

3    subsequently distributed.  And he did have a valid

4    prescription for it.  So --

5              PRETRIAL SERVICES OFFICER OLSON:  So can we --

6              MS. ALSWORTH:  If there were legitimate pain issues,

7    I would think there would be some other manner that the

8    prescribing physician could find to address those issues.

9              PRETRIAL SERVICES OFFICER OLSON:  So maybe a

10   condition that the defendant not obtain a prescription for

11   Oxycodone.  Period.

12             MR. HODGKINS:  Agreed.

13             THE COURT:  That will be the additional condition.

14   Is there anything further?

15             MS. ALSWORTH:  No, Your Honor.  That's it from the

16   government.

17             THE COURT:  Thank you.  Court stands in recess.

18        (The proceedings were concluded at 2:02 p.m.)

19

20             I, KAREN HOOVEN, Official Reporter, do hereby certify

21   that the foregoing transcript as true and correct.

22

23   DATED:  28th of December, 2017      /s/  Karen Hooven
                                         KAREN HOOVEN, RMR-CRR
24

25