UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 1:15-cr-00104-AWI-SKO |
|---|---|
| Plaintiff, | |
| v. | **ORDER ON KEITH FOSTER'S MOTION FOR RELEASE PENDING APPEAL** |
| KEITH FOSTER, | |
| Defendant. | |

On January 8, 2018, Keith Foster ("Foster") filed his Motion for Release Pending Appeal ("Motion"). Foster was sentenced on November 13, 2017 and was granted a voluntary surrender date of January 13, 2018. According to the DESIGNATION NOTIFICATION submitted as Exhibit A of the Declaration of Michael McKneely, it appears that on November 20, 2017, Foster was designated to serve his time in custody at the Florence Medium SCP. On November 21, 2017, Foster timely filed a Notice of Appeal.

Fort the reasons set forth below, Foster's Motion is Denied.

Initially, the court notes that by filing his Motion on January 8, the week of his voluntary surrender date of January 13, Foster has afforded precious little time for the government to respond to his Motion and for the court to consider and to rule on his Motion prior to his voluntary surrender date. Because of this limited time frame, the court will consider and rule on his Motion without receiving a response from the government. The court determines that the government will not be prejudiced in this regard given the court's ruling on the Motion. Even if the government's position would be to not oppose the Motion, for the reasons set forth below, any such non opposition would be overruled.

In denying Foster's Motion the court is cognizant that it allowed Foster to remain out of custody after his conviction by the jury and after his sentencing. In both instances, the court allowed Foster to remain out of custody based solely upon the finding by the court that Foster was not a flight risk nor a danger to any other person or the community and the non opposition by the

1

government. The court failed to fully consider and to apply the further requirements of 18 U.S.C. § 3143(b)(1), § 3143(b)(2) and § 3145(c). The court now fully considers the application of those sections to Foster's Motion.

In considering and denying Foster's Motion, the court has considered all of the information available to the court in light of the fact that the court was assigned to his case upon the filing of the Indictment, and presided over various pretrial proceedings and motions, the jury trial, the post trial motions and the sentencing. The court has fully considered Foster's Motion, his brief in support of his Motion, including the statutory and case authority cited therein, and Mr. McKneely's Declaration and Exhibit A attached thereto.

With respect to 18 U.S.C. § 3143(b)(1), under § 3143(b)(1)(A), the court finds by clear and convincing evidence that Foster is not likely to flee or pose a danger to the safety of any other person or the community. Under § 3143(b)(1)(B), the court finds that the appeal is not for the purpose of delay. However, as articulated in the order denying Foster's motion for judgment of acquittal or for new trial and now reaffirmed in ruling on Foster's Motion, the court is satisfied that Foster has not raised substantial questions of law or fact likely to result in a reversal or an order for a new trial.

With respect to 18 U.S.C. § 3145(c), the court has considered Foster's presentation of his "exceptional reasons" for why his detention would not be appropriate. First, Foster states that as a former law enforcement officer, he is likely to have a more difficult time in prison than a typical inmate. While the appellate court in *United States of America v. Jose Ramon Garcia, 340 F.3d 1013 (9th Cir. 2003)* has listed "exceptional risks' as one of many potential factors for the court to consider, there is no evidence here that Foster would be subject to any exceptional risk or that the Department of Justice through its Bureau of Prisons would not take into consideration Foster's former law enforcement status in its placement and security procedures. The court has not been made aware of other situations where former law enforcement officers have been subject to exceptional risk in federal prisons because of their former employment status. Second, Foster states that by being designated to a "remote facility" in Colorado, he will be separated from his family and community support. Sadly, this is a situation that faces many individuals sentenced in

2

the federal courts, but is not so unique as to constitute an exceptional reason for his continuing release. Third, Foster states that the length of his sentence i.e. 48 months is significant because he would likely serve a large part of his sentence before his appeal is successful. However, the court has not been made aware of any situation that would cause a lengthy delay in the processing of his appeal. Of course, the appellate court is certainly free to independently consider the release of Foster pending the determination of his appeal. Fourth, Foster states that his record of service to the community and absence of any previous record are additional exceptional reasons for the court to consider. However, his record of service to the community, evidenced by strong support from certain community members, is overshadowed by his criminal acts conducted during his time as a top law enforcement officer sworn to serve the entire City of Fresno community, and not only diminished his standing in the entire community, but also stained the reputation of the City's police department and law enforcement in general. While he had no prior criminal history, his criminal conduct in this case involved two different conspiracies with two different drugs and two different sets of co-participants over a period of time. Fifth, Foster states that his appeal presents strong grounds for reversal. However, given the court's full participation in all of the significant proceedings in this case and its previous rulings, the court is still of the opinion that his appeal does not present strong grounds for reversal. Of course, the court is well aware that this trial court level opinion is subject to an independent appellate review. In sum, the court has fully considered Foster's Motion with supporting documentation, and under the totality of all of the circumstances presented, the court concludes that Foster's Motion is DENIED.

IT IS SO ORDERED.

Dated: January 8, 2018

Anthony W. Ishii

Senior United States District Judge

3