# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff** v. KEITH FOSTER, **Defendant** | CASE NO. 1:15-CR-0104 AWI SKO-1 **ORDER ON THIRD PARTY'S MOTION FOR ACCESS TO AUDIO RECORDINGS** (Doc. No. 316) |

On May 23, 2017, a jury found Defendant Keith Foster guilty of conspiracy to distribute and possess marijuana and conspiracy to distribute and possess heroin, both in violation of 21 U.S.C. §§ 841(a)(1) and 846. Foster's conviction and sentence are currently pending on appeal before the Ninth Circuit.

On November 2, 2018, third party Investigative Studios, Inc. ("ISI") filed a motion for access to audio recordings. See Doc. No. 316. During the trial, audio recordings were played as exhibits to the jury. However, the written transcript indicates that audio recordings were played, the parties stipulated that the audio itself would constitute the record. ISI seeks to obtain copies of audio exhibits 4, 13, 25, and 68. ISI wants copies of these exhibits as part of a project for a radio station involving public corruption, and has offered to pay any costs for copying. See id.

On November 7, 2018, the Court set a briefing schedule on Investigative Studios' motion. See Doc. No. 316.

On November 13, 2018, the United States filed a response. See Doc. No. 323. The United States explains that ISI's motion is supported by Ninth Circuit precedent, it has no objection to the motion, and that copies of the four audio exhibits can be easily made. See id.

On November 18, 2018, counsel for Foster stated that he had no objection to ISI's motion. See Doc. No. 324.[1]

*Discussion*

Because citizens of this country have an interest in keeping a watchful eye on the workings of public agencies, "courts have recognized a general right to inspect and copy records and documents, including judicial records and documents." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2016). There is a "strong presumption" that supports a common law right to inspect and copy judicial records. Valley Broadcasting Co. v. United States Dist. Ct., 798 F.2d 1289, 1294 (9th Cir. 1986). Where there is a clash between this right of access and a defendant's right to a fair trial, courts may deny access to the courts records based on known and articulated facts. Id. In considering a motion for access to court records/exhibits, courts may consider such factors as the promotion of the public's understanding of the judicial process and of significant public events justify creating a "strong presumption" in favor of copying access, as well as the likelihood of an improper use, including publication of scandalous, libelous, pornographic, or trade secret materials; infringement of fair trial rights of the defendants or third persons; and residual privacy rights. Id. That is, the court must weigh "the interests advanced by the parties in the light of the public interest and the duty of the courts." Id.

Here, no party has identified any prejudice or harm to Foster that would deny him either a fair trial or a fair appeal. Further, there is nothing before the Court that indicates that ISI is seeking to obtain copies of the exhibits for an improper purpose. Pursuing a story on public corruption is a legitimate journalistic function. In short, nothing has been presented to the Court that would overcome the strong presumption in favor of disclosure, especially given the non-opposition of the interested parties. Therefore, ISI's motion for access to the audio exhibits will be granted.

---

[1] As part of his response, Foster states that he did not participate in a criminal conspiracy and that he desires the release of all the audio recordings. See Doc. No. 324. "Mr. Foster therefore requests the Court relieve him and his counsel from the embargo that was entered on June 16, 2017." Id. To the extent that Foster is attempting to make a motion regarding other recordings/evidence, his motion is improper. Foster was ordered to respond to ISI's motion. If Foster believes that he has a legal basis for relief from the United States' protective order, his remedy is to file a separate motion that is supported by relevant authority. The Court considers Foster's response only as a response to ISI's motion for four exhibits.

2

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Investigative Studios, Inc.'s motion for access to audio exhibits (Doc. No. 316) is GRANTED;
2. Investigative Studios, Inc. and the United States shall meet and confer regarding the copies of the four audio exhibits, Exhibits 4, 13, 25, and 68;
3. Investigative Studios, Ins. shall pay the United States the costs for copying the exhibits;
4. The United States shall provide the four audio exhibits, Exhibits 4, 13, 25, and 68, to Investigative Studios, Inc. as quickly as possible, but no later than seven (7) days from the date of service of this order; and
5. This matter remains CLOSED.

IT IS SO ORDERED.

Dated: November 20, 2018 _____
SENIOR DISTRICT JUDGE