# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent<br><br>v.<br><br>KEITH FOSTER,<br><br>Petitioner | CASE NO. 1:15-CR-0104 AWI SKO-1<br><br>ORDER ON MOTION TO DISQUALIFY<br><br>(Doc. No. 333) |

On May 23, 2017, a jury found Petitioner Keith Foster guilty of conspiracy to distribute and possess marijuana and conspiracy to distribute and possess heroin, both in violation of 21 U.S.C. §§ 841(a)(1) and 846. Foster's conviction and sentence were affirmed by the Ninth Circuit on direct appeal on June 20, 2019. See Doc. No. 327. On December 16, 2019, Foster filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255, a motion for release pending adjudication of his § 2255 petition, and a motion to disqualify the undersigned. See Doc. Nos. 331, 332, and 333. This order addresses the motion to disqualify. For the reasons that follow, Foster's motion to disqualify will be denied.

*Defendant's Argument*

Foster argues that the undersigned is required to disqualify himself pursuant to 28 U.S.C. §§ 455(a) and 455(b)(1). Foster contends that the undersigned gained extensive knowledge of disputed evidentiary issues by authorizing wiretaps against him over a period of five months, between November 2014 to March 2015. Foster contends that the undersigned received briefings and theories from law enforcement regarding Foster's alleged involvement in a drug conspiracy. This extensive knowledge of disputed facts and theories is improper and creates a high probability of actual bias. As recognized by the binding case of *United States v. Zarowitz*, 326 F.Supp. 90

(C.D. Cal. 1971), a judge's participation in a wiretap requires disqualification from further proceedings. Further, Foster contends that the undersigned was biased against him because of alleged misapplication of binding Ninth Circuit precedents regarding intent and the sufficiency of the evidence necessary to convict for drug conspiracies, including precedent regarding buyer-seller conspiracies. Foster also argues that the undersigned materially and constructively amended the indictment against him, erroneously denied his motion for acquittal, and erroneously denied motion for release pending appeal, which further reflects improper bias.

*Legal Standard*

"A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045-46 (9th Cir. 1987) (citing 28 U.S.C. §§ 455(a), 455(b)(1))[1]. The substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Johnson, 610 F.3d 1138, 1147-48 (9th Cir. 2010); Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008). However, the bias must arise from an extra-judicial source and cannot be based solely on information gained in the course of the proceedings. See Pesnell, 543 F.3d at 1043l; In re Beverly Hills Bancorp, 752 F.2d 1334, 1341 (9th Cir. 1984). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994); Johnson, 610 F.3d at 1147. This is so "even when the number of such unfavorable rulings is extraordinarily high on a statistical basis." In re Beverly Hills Bancorp, 752 F.3d at 1341. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. at 555; Johnson, 610 F.3d at 1147.

---

[1] 28 U.S.C. § 455(a) reads: "Any justice, judge, or [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(b)(1) reads: "[A judge] shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." "Sections 455(a) and 455(b)(1) are to be construed together when the ground for recusal is the bias or partiality of the trial judge." United States v. Chischilly, 30 F.3d 1144, 1163 (9th Cir. 1994).

2

1       Section 455(b) also requires a judge to disqualify himself if he has "personal knowledge of
2 disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1); see also United
3 States v. Winston, 613 F.2d 221, 223 (9th Cir. 1980).  This part of § 455(b)(1) only requires
4 recusal when the information or knowledge is derived from an extra-judicial source.  Duckworth
5 v. Department of the Navy, 974 F.2d 1140, 1142 (9th Cir. 1992); Winston, 613 F.2d at 223.
6 Knowledge of the facts of a case that is obtained in the course of earlier participation in the same
7 case does not require recusal under § 455(b)(1).  Duckworth, 974 F.2d at 1142; Winston, 612 F.2d
8 at 223.

9       *Discussion*

10       Foster has not shown that either § 455(a) or § 455(b)(1) applies in this case so as to require
11 the recusal of the undersigned.  See Konarski v. City of Tucson, 716 F. App'x 609, 611 (9t h Cir.
12 2017) ("Because a judge is presumed to be impartial, the [moving party] bears the burdn of
13 showing that the judge lacked impartiality.") (quoting Perry v. Schwarzenegger, 790 F.Supp.2d
14 1119, 1129 (N.D. Cal. 2011)).

15       First, the rulings that Foster identifies as "erroneous" are not extra-judicial and they do not
16 reflect a deep-seeded antagonism towards Foster.  See Liteky, 510 U.S. at 555; Johnson, 610 F.3d
17 at 1147; In re Beverly Hills Bancorp, 752 F.3d at 1341.  In fact, Foster's criticisms of several of
18 the rulings are inconsistent with the Ninth Circuit's decision on Foster's appeal.  The Ninth Circuit
19 held that there was sufficient evidence to support both conspiracy convictions and that Foster's
20 counsel was not deficient when he failed to request a buyer-seller instruction.  See Doc. No. 327.
21 These holdings by the Ninth Circuit, which are law of the case, see Rocky Mt. Farmers Union v.
22 Corey, 913 F.3d 940, 951 (9th Cir. 2019); United States v. Jingles, 702 F.3d 494, 498-500 (9th
23 Cir. 2012); United States v. Houser, 804 F.2d 565, 567 (9th Cir. 1986), foreclose any arguments
24 that the Court misapplied binding law regarding drug conspiracy claims (including buyer-seller
25 issues) or that the Court erred by not granting an acquittal.  Foster has failed to show any error, let
26 alone errors that reflect a deep-seeded antagonism.  Thus, for purposes of § 455(a) and the first
27 clause of § 455(b)(1), the Court concludes that, because no reasonable person would reasonably
28 question the impartiality of the undersigned based on rulings made at trial, recusal is not required.

1       Second, for purposes of the second clause of § 455(b)(1) and § 455(a), Foster does not point to any specific disputed factual issues that the undersigned obtained as a result of approving wiretap applications. Nevertheless, the Court is unaware of any information that it received during the wiretap process that created any bias or impartiality against Foster. Moreover, the wiretap process is not an extra-judicial source of information. Knowledge of any facts obtained during the wiretap process of Foster's phone would be information obtained in the course of earlier participation in the same case, and thus, would not be grounds for recusal under § 455(b)(1). See Duckworth, 974 F.2d at 1142; United States v. Jones, 801 F.2d 304, 312 (8th Cir. 1986); Winston, 612 F.2d at 223. Further, although the Ninth Circuit has not specifically addressed whether a judge who authorizes a wiretap must recuse himself, courts have conclude that recusal is not required.[2] See United States v. Giordano, 442 F.3d 30, 48 (2d Cir. 2006); United States v. Lewis, 139 F. App'x 455, 458-59 (3d Cir. 2005); Camacho v. Autoridad de Telefonos de Puerto Rico, 868 F.2d 482, 491 (1st Cir. 1989); Jones, 801 F.2d at 312; United States v. Murray, 2017 U.S. Dist. LEXIS 39471, *43-*44 (D. Vt. Mar. 20, 2017); United States v. Gardner, 1010 U.S. Dist. LEXIS 89941, *7-*8 (N.D. Cal. 2010); United States v. De Castro-Font, 587 F.Supp.2d 353, 363 (D. P.R. 2008); United States v. Nicholson, 955 F.Supp. 582, 584-85 (E.D. Va. 1997); United States v. Garramone, 374 F.Supp. 256, 258 (E.D. Pa. 1974). Therefore, the Court cannot conclude that the undersigned's authorization of wiretaps/wiretap extensions require recusal under § 455(b)(1) or § 455(a).

### ORDER

      Accordingly, IT IS HEREBY ORDERED that the motion to recuse or disqualify under 28 U.S.C. § 455 is DENIED.

IT IS SO ORDERED.

Dated:   January 13, 2020                                   /s/
                                                    SENIOR DISTRICT JUDGE

---

[2] The district judge in *Zarowitz* did recuse himself from further proceedings in part because he had authorized wiretaps. See *Zarowitz*, 326 F.Supp. at 92-94. However, *Zarowitz* is a district court case that is non-binding on this Court, it is persuasive authority only. Because the clear weight of authority is contrary to *Zarowitz*, the Court declines to follow it.

5