4          **UNITED STATES DISTRICT COURT**

5          **EASTERN DISTRICT OF CALIFORNIA**

6

7   **UNITED STATES OF AMERICA,**          **CASE NO. 1:15-CR-0104 AWI SKO-1**
                                           **(Civil Case No. 1:19-cv-1754 AWI)**
8              **Respondent**

9              **v.**                      **ORDER ON PETITIONER'S 28 U.S.C. §
                                           2255 PETITION**
10  **KEITH FOSTER,**

11             **Petitioner**              (Doc. No. 331)

12

13

14         On May 23, 2017, a jury found Petitioner Keith Foster ("Foster") guilty of one count of

15  conspiracy to distribute and possess marijuana and one count of conspiracy to distribute and

16  possess heroin, both in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Foster's conviction and

17  sentence were affirmed by the Ninth Circuit on direct appeal on June 20, 2019.  See Doc. No. 327.

18  On December 16, 2019, Foster filed a motion to vacate his conviction and sentence under 28

19  U.S.C. § 2255, a motion for release pending adjudication of his § 2255 petition, and a motion to

20  disqualify the undersigned.  See Doc. Nos. 331, 332, and 333.[1]  This order addresses the § 2255

21  petition.[2]  For the reasons that follow, Foster's petition will be denied.

22         *Petitioner's Argument*

23         Foster argues that he is entitled to relief on four grounds.  First, Foster contends that he

24  received ineffective assistance from his trial counsel.  Specifically, Foster contends that his

25  counsel:  (1) failed to review a grand jury transcript dated April 9, 2015, of FBI Agent Reynold's

26  ─────────────────────
    [1] The motion to recuse and the motion for release have been resolved in separate orders.

27
    [2] The Court notes that Foster's filed his petition approximately six months from the date the Ninth Circuit issued its
28  opinion, and Foster did not appeal to the Supreme Court.  Therefore, the petition is timely under 28 U.S.C. §
    2255(f)(1).

testimony; (2) failed to challenge the indictment as duplicitous and lacking any factual or legal

basis; (3) failing to file a motion to recuse the undersigned based on the undersigned's approval of

wiretaps in this case; (4) failing to vigorously challenge the sufficiency of the evidence to support

a drug conspiracy; (5) failing to challenge government misconduct regarding the sufficiency of the

evidence to support a drug conspiracy; (6) failing to object to improper jury instructions; (7)

failing to invoke the corpus delicti rule; (8) failing to file a Rule 29 motion for acquittal due to

insufficient evidence; and (9) failing to conduct basic research regarding the sufficiency of the

evidence to support a drug conspiracy and differentiating drug conspiracies from buyer-seller

relationships.

Second, Foster argues that that there was unconstitutional prosecutorial misconduct.

Foster argues that the government attorneys willfully and deliberately disregarded Ninth Circuit

law regarding the sufficiency of the evidence that is necessary to sustain a drug conspiracy

conviction. The evidence and theories presented to the jury were insufficient to support the

conviction. Further, the government utilized an indictment that was duplicitous with respect to the

two counts upon which Foster was convicted.

Third, Foster argues that numerous trial court errors violated his due process rights. Foster

argues that this Court willfully disregarded Ninth Circuit case law governing the sufficiency of the

evidence required to sustain a drug conspiracy conviction, failed to properly instruct the jury

regarding the essential elements of a drug conspiracy, and improperly failed to grant a motion for

acquittal. Further, Foster argues that the undersigned should have disqualified himself under 28

U.S.C. § 455 because the undersigned authorized wiretaps. In that process, the undersigned

received briefings and reviewed affidavits from law enforcement and the prosecution.

Finally, Foster argues that he received ineffective assistance of appellate counsel. Foster

argues that his appellate counsel failed to recognize that the government never proved the

existence of the drug conspiracies that he was convicted of committing. This includes recognizing

the distinction between a buy-seller transaction and an actual conspiracy, as explained in *United

States v. Moe*, 781 F.3d 1120 (9th Cir. 2015). If appellate counsel had argued the *Moe* factors, the

convictions would have been vacated.

*Ninth Circuit's Opinion*

Following his conviction, Foster filed a direct appeal with the Ninth Circuit. In affirming

Foster's conviction, the Ninth Circuit held in relevant part:

> Defendant Keith Foster . . . appeals his jury convictions for conspiring to possess
> with intent to distribute marijuana and heroin in violation of 21 U.S.C. §§ 841(a)(1)
> and 846. He contends that the evidence was insufficient, that his counsel was
> ineffective, that the jury should have been instructed on a buyer-seller relationship,
> and that the court erred in denying his request to unseal juror information. For the
> reasons below, we affirm.
>
> There is sufficient evidence to support both convictions. Foster's phone calls and
> text messages with coconspirators Rafael Guzman and Lashon Jones sufficiently
> demonstrated Foster's role in the conspiracy to distribute heroin. Jones relayed
> heroin orders from buyers to Foster and assured Foster that the deals would benefit
> both of them. Foster discussed heroin types, prices, and meeting times with a
> supplier, Guzman, and relayed those details back to Jones. On an agreed-upon date,
> Foster attempted to meet Guzman to obtain the drugs, but the deal fell through
> when Jones did not answer her phone.
>
> Foster's phone calls with his nephew Denny sufficiently established Foster's role in
> a conspiracy to distribute marijuana. Denny and Foster discussed marijuana
> quantities, meeting times, and prices, and Foster repeatedly pressed Denny for
> money for Foster's "boy." After later learning that Denny had been arrested with
> six pounds of marijuana in his car, Foster expressed frustration that Denny had not
> asked for "cover," and Foster said that he would see what his "narc guys" could do
> for Denny.
>
> Although counsel arguably performed deficiently by not moving for acquittal after
> the government's case in chief, Foster's ineffective assistance of counsel claim fails
> because there was no prejudice. The evidence was sufficient to support both
> convictions, so a motion for acquittal would have been denied. See United States
> v. Feldman, 853 F.2d 648, 665-66 (9th Cir. 1988) (failure to move for acquittal
> cannot be the basis for a finding of ineffective assistance if the crimes of conviction
> are supported by sufficient evidence). Counsel's decision not to request a buyer-
> seller instruction appears to be the product of strategy, not incompetence. See
> Strickland v. Washington, 466 U.S. 668, 689-90 (1984). The theory of the defense
> was that Foster was investigating the activities of others in his capacity as deputy
> police chief. A buyer-seller instruction would have clashed with this defense. For
> similar reasons, the district court did not err in failing to *sua sponte* instruct the jury
> on a buyer-seller relationship. United States v. Montgomery, 150 F.3d 983, 996
> (9th Cir. 1998).

United States v. Foster, 772 F. App'x 544, 544-45 (9th Cir. 2019)

*Legal Standard*

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a

court established by Act of Congress claiming the right to be released upon the ground that the

sentence was imposed in violation of the Constitution or laws of the United States ... may move

3

the court which imposed the sentence to vacate, set aside or correct the sentence." Under § 2255, a district court must grant a prompt hearing to a petitioner in order to determine the validity of the petition and make findings of fact and conclusions of law, "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. United States v. Withers, 638 F.3d 1055, 1062-63 (9th Cir. 2011); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1983). A petitioner is not required to allege facts in detail, but he "must make factual allegations" and cannot rest on conclusory statements. Baumann, 692 F.2d at 571; United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980). Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).

If a petitioner filed a direct appeal prior to filing a § 2255 petition, the Ninth Circuit has explained that if a "criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." United States v. Skurdal, 341 F.3d 921, 925 (9th Cir. 2003); United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993); see also Battaglia v. United States, 428 F.2d 957, 960 (9th Cir. 1970). Generally, "[w]hen a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000); see United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985); Battaglia, 428 F.2d at 960; see also United States v. Jingles, 702 F.3d 494, 498-500 (9th Cir. 2012).

*Discussion*

Initially, many of Foster's claims are based on his contention that there was insufficient evidence to convict him of a drug conspiracy under 21 U.S.C. §§ 841 and 846. This premise forms part of each of the four grounds for relief identified in the petition. However, as clearly shown above, the Ninth Circuit held that there was sufficient evidence to support both drug

1  conspiracy convictions.  See Foster, 772 F. App'x at 544-45.  Because the issue was directly raised

2  in and rejected by the Ninth Circuit, Foster cannot use insufficiency of the evidence as a basis for

3  relief in this § 2255 petition.  See Jingles, 702 F.3d at 498-500; Hayes, 231 F.3d at 1139; Redd,

4  759 F.2d at 701; Battaglia, 428 F.2d at 960.

5          Part and parcel with Foster's argument regarding insufficiency of the evidence is the

6  contention that, at most, the government merely demonstrated a buy-seller relationship and not a

7  drug conspiracy.  The Ninth Circuit has held that under the "buyer-seller rule," a conspiracy

8  cannot be based solely on the purchase of an unlawful substance.  See Moe, 781 F.3d at 1123.

9  However, as clearly shown above, the Ninth Circuit expressly addressed the failure to include a

10  "buyer-seller" instruction in this case.  The Ninth Circuit held that because Foster theory of the

11  case was that he was conducting investigatory activities, a "buyer-seller" instruction would have

12  clashed with that theory.  Foster, 772 F. App'x at 545.  Under those circumstances, this Court did

13  not err in addressing "buyer-seller" issues or *sua sponte* instructing the jury with Ninth Circuit

14  Model Instruction 9.19A "Buyer-Seller Relationship," and Foster did not receive ineffective

15  assistance from trial counsel by the failure to address the rule or expressly requesting Ninth Circuit

16  Model Instruction 9.19A.  See id.  Because the "buyer-seller" jury instruction issue was directly

17  raised in and rejected by the Ninth Circuit as inapplicable given the defensive theory pursued,

18  Foster cannot rely on application of the buyer-seller rule as a basis for relief in this § 2255

19  petition.  See Jingles, 702 F.3d at 498-500; Hayes, 231 F.3d at 1139; Redd, 759 F.2d at 701;

20  Battaglia, 428 F.2d at 960.

21          Therefore, most of Foster's contentions in this petition are foreclosed by the Ninth

22  Circuit's opinion.  Specifically, under the first ground of relief for ineffective assistance of

23  counsel, Foster is not entitled to relief for the fourth, fifth, sixth, seventh, eighth,[3] and ninth

24  identified deficiencies, see Doc. No. 331 at pp. 33-34, because those deficiencies depend upon the

25  evidence being insufficient to support the conspiracy convictions or upon some application of the

26  "buy-seller" rule.  Under the second ground of relief for prosecutorial misconduct, Foster is not

27

28  [3] Additionally, the Ninth Circuit held that trial counsel did not render ineffective assistance of counsel by failing to
move for a Rule 29 motion.

entitled to relief based on the government making arguments or pursuing a case that was contrary to Ninth Circuit authority regarding sufficiency of the evidence to support a drug conspiracy conviction.  Under the third ground of relief for trial errors, Foster is not entitled to relief based on alleged errors in application of Ninth Circuit authority regarding sufficiency of the evidence or upon some application of the "buy-seller" rule.   Finally, because the fourth ground for relief is based entirely on either insufficiency of the evidence or upon some application of the "buy-seller" rule, no relief for ineffective assistance of appellate counsel is possible.[4]

The Court will address the issues that are not precluded by the Ninth Circuit's opinion.[5]

### 1.     Ineffective Assistance of Trial Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient, and that the deficiency prejudiced the petitioner.  Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir. 2002).  A deficient performance is objectively unreasonable, and courts indulge in a strong presumption that the challenged conduct "falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689; United States v. Fredman, 390 F.3d 1153, 1156 (9th Cir. 2004); Sanchez-Cervantes, 282 F.3d at 671-72.  To be prejudicial, there must be a

---

[4] The Court notes that the Ninth Circuit has held that a federal court has discretion to consider an issue that was previously raised when there has been an intervening change in the law or to otherwise prevent "manifest injustice." See Walter v. United States, 969 F.2d 814, 816 (9th Cir. 1992); Polizzi v. United States, 550 F.2d 1133, 1135 (9th Cir. 1976).  Assuming that this Court can rely on these exceptions despite the Ninth Circuit's opinion in the direct appeal of this case, Foster does not benefit from either exception.  There has been no change in the law regarding sufficiency of the evidence, the "buyer-seller" rule, or the failure to request or include an instruction that clashes with the defensive theory pursued before a jury.  Further, Foster has not demonstrated "manifest injustice" would ensue by following the Ninth Circuit's opinion on direct appeal.

[5] The Court notes that at several places in his petition, Foster contends that the law of conspiracy required that the government prove that he sold drugs and, pursuant to the sale, entered into an agreement with the buyer to distribute the drugs. E.g. Doc. No. 31 at pp. 6, 30, 43.  Foster's contention is based on a quote from *United States v. Ramirez*, 714 F.3d 1134, 1140 (9th Cir. 2013):  "To prove conspiracy, the government had to show more than that Ramirez sold drugs to someone else knowing that the buyer would later sell to others."  Foster quotes this passage but substitutes "a defendant [e.g. Foster]" in place of "that Ramirez."  Foster is misreading *Ramirez*.  Prior to the cited passage, *Ramirez* acknowledge what is necessary "to make out a case for conspiracy": "the government had to show that there was an agreement between Ramirez and someone else to distribute meth."  Id.  The passage cited by Foster is addressing the particular facts of that case in which Ramirez specifically sold drugs.  The point being made by *Ramirez* was that sale of drugs alone does not establish a conspiracy, i.e. an agreement with someone to distribute drugs.  See id.  Contrary to Foster's petition, *Ramirez* did not hold that the government, in order to prove a conspiracy, must show that the defendant himself sold drugs and then agreed that the buyer would distribute the drugs to others.  The elements of a drug conspiracy are found in Ninth Circuit Model Criminal Jury Instruction 9.19, and those elements do not require a defendant to actually sell narcotics or make an agreement with a buyer.

1  reasonable probability that, but for counsel's conduct, the result of the trial would have been

2  different. Strickland, 466 U.S. at 694; Fredman, 390 F.3d at 1156; Sanchez-Cervantes, 282 F.3d

3  at 672. Here, Foster has identified three deficiencies by trial counsel that are not precluded by the

4  Ninth Circuit's opinion on direct appeal.

5                    a.        Failure to Review Grand Jury Transcripts

6          Foster faults his attorney for allegedly not reviewing one day of grand jury testimony from

7  FBI Agent Reynolds (the agent in charge of the investigation). Foster contends that if his counsel

8  had reviewed the transcript, counsel would have been able to argue that the reason the government

9  did not call Rafael Guzman ("Guzman") and Denny Foster ("Denny") was because these

10 individuals were informants or possible informants of Foster's, and the reason that Lashon Jones

11 (Jones) was not called was because she was not involved in any transactions regarding heroin.

12 Foster also contends that counsel could have argued that Denny Foster was out to get Foster

13 because Foster worked for the same police department that killed a member of the family, Eric

14 Foster.

15         Foster's arguments are not persuasive. Counsel did mention many if not all of the points

16 raised by Foster, but not necessarily through the grand jury transcript. Particularly illustrative is

17 the closing argument. With respect to Denny, counsel alluded to family problems between Denny

18 and Foster regarding the shooting death of Eric Foster. See Doc. No. 245 at 1129:6-16. Counsel

19 also pointed out that Denny had informed in the past but did not wish to cooperate any more with

20 law enforcement. See id. at 1139:9-18. Counsel pointed out that the prosecution did not call

21 Denny. See id. at 1148:12-18. Counsel also pointed out that Foster had followed policy and

22 referred Guzman and Denny to the Fresno Police Narcotics Unit for consideration as confidential

23 informants. See id. at 1156:18-25. With respect to Guzman, counsel pointed out that he provided

24 the text messages (not the government) that demonstrated that Guzman was either providing

25 information or trying to work with the Fresno Police Department and Foster. See id. at 1167:15-

26 25. Counsel noted that Guzman had a case pending against him through the Clovis Police

27 Department. See id. at 1169:20-1170:2. Counsel spent considerable time explaining several texts

28 between Guzman and Foster that he interpreted as Guzman trying to provide information or

7

attempting to aid in arranging for a drug bust. See id. at 1176:12-1181:6. With respect to Jones, counsel noted that the government never called her, she had been used as an informant, she did not say that Foster gave her narcotics "or anything like that," and Foster never tried to get her narcotics. See id. at 1136:17-1137:10. Perhaps counsel could have made his points differently or pursued slightly different theories or arguments. However, there is nothing before the Court that is sufficient to rebut the strong presumption that counsel's "falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; Fredman, 390 F.3d at 1156; Sanchez-Cervantes, 282 F.3d at 671-72.

Alternatively, even if some of the points raised by Foster were not addressed by trial counsel but could have been if counsel had reviewed the transcript, Foster has not shown a reasonable probability that the result of the trial would have been different. Foster's petition is more or less limited to asserting what counsel "should have argued." There is an insufficient explanation of how the arguments that should have been made would have reasonably changed the jury's guilty findings.

In sum, Foster has not adequately demonstrated that trial counsel rendered ineffective assistance of counsel in violation of the Sixth Amendment with respect to the alleged failure to review a grand jury transcript.

b.      Failure to Challenge Indictment

Foster contends that Counts 11 and 12, the counts of which he was convicted, were fatally duplicitous under *United States v. Ramirez-Martinez*, 273 F.3d 903, 913 (9th Cir. 2001), because multiple *mens reas* were alleged in those counts, which means multiple crimes are involved. "An indictment is duplicitous where a single count joins two or more distinct and separate offenses." Ramirez-Martinez, 273 F.3d at 913; see United States v. Mancuso, 718 F.3d 780, 792 (9th Cir. 2013). In a review for duplicity, courts "solely assess whether the indictment itself can be read to charge only one violation in each count." Mancuso, 718 F.3d at 792 (quoting United States v. Martin, 4 F.3d 757, 759 (9th Cir. 1993)). If an indictment may fairly be read "to charge but one crime in each count, it must be allowed to stand . . . ." United States v. Mastelotto, 717 F.2d 1238, 1244 (9th Cir. 1983).

1    Here, Count 11 alleged that Foster and Rafael Guzman knowingly and intentionally agreed

2   to distribute and possess with intent to distribute heroin between December 23, 2014 and February

3   2, 2015, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  See Doc. No. 55.  Count 12 alleged that

4   Foster, Denny Foster, Ricky Reynolds, Jennifer Donabedian, and Sarah Ybarra knowingly and

5   intentionally agreed to distribute and possess with intent to distribute marijuana between July 14,

6   2014 and March 26, 2015, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  See id.

7    Counts 11 and 12 allege two separate conspiracies between separate groups of individuals

8   over separate time periods and involving different controlled substances.  That different *mens reas*

9   may be included in the indictment (an intent to distribute and a knowing and intentional

10  agreement) does not change the fact that each count is charging a single drug conspiracy.  The

11  Court is unaware of any authority that has held indictments charging conspiracies to distribute in

12  violation of 21 U.S.C. §§ 841(a)(1) and 846 are fatally duplicitous because multiple *mens reas* are

13  mentioned.  The bottom line is that Counts 11 and 12 allege single and separate conspiracies, thus,

14  they are not duplicitous.  See United States v. Bauer, 84 F.3d 1549, 1560 (9th Cir. 1996) (finding a

15  drug conspiracy indictment was not duplicitous because it alleged a single conspiracy and

16  explaining that a "single conspiracy exists, as compared with multiple conspiracies, where there is

17  'one overall agreement' to perform various functions to achieve the objectives of the

18  conspiracy."); cf. United States v. Steward, 16 F.3d 317, 319-20 (9th Cir. 1994) (finding no

19  duplicitous indictment when violations of 21 U.S.C. §§ 841(a)(1) and 846 were alleged together).

20  Because Counts 11 and 12 are not duplicitous, counsel was not ineffective for failing to object the

21  indictment as duplicitous.

22              c.      Failure to Move to Disqualify Trial Judge

23    Foster argues that, because the undersigned approved a number of wiretaps and wiretap

24  extensions and was briefed by investigators regarding the status of the matter and theories of

25  liability, trial counsel should have made a motion under 28 U.S.C. §§ 455(a) and (b)(1) for the

26  undersigned to recuse himself.  Foster makes essentially the same argument in his separately filed

27  motion to recuse.  See Doc. No. 333.  The undersigned has denied the motion to recuse.  See Doc.

28  No. 335.

1    The Court incorporates by reference and follows the analysis of the order denying recusal.

2  See id.  In essence, recusal is not required because the undersigned has no actual bias against

3  Foster, a reasonable person would not conclude that the undersigned's impartiality could be

4  reasonably questioned, any information obtained as part of the wiretap process is part of the

5  criminal case against Foster and thus, not an extra-judicial source, and other courts have declined

6  to hold that § 455 requires recusal of a judge who authorized wiretaps.  See id. (citing *inter alia*

7  United States v. Giordano, 442 F.3d 30, 48 (2d Cir. 2006); Duckworth v. Department of the Navy,

8  974 F.2d 1140, 1142 (9th Cir. 1992); United States v. Jones, 801 F.2d 304, 312 (8th Cir. 1986);

9  United States v. Winston, 613 F.2d 221, 223 (9th Cir. 1980); United States v. De Castro-Font, 587

10  F.Supp.2d 353, 363 (D. P.R. 2008); United States v. Nicholson, 955 F.Supp. 582, 584-85 (E.D.

11  Va. 1997); United States v. Garramone, 374 F.Supp. 256, 258 (E.D. Pa. 1974)).  Because neither §

12  455(a) nor § 455(b)(1) required (or requires) the undersigned to recuse himself, counsel was not

13  ineffective for failing to raise the issue at trial.

14          2.      Prosecutorial Misconduct

15          The sole remaining bases for prosecutorial misconduct involve the alleged duplicity of

16  Counts 11 and 12.  As explained above, Foster is not entitled to relief because Counts 11 and 12

17  were not actually duplicitous.  Additionally, the sufficiency of an indictment, and in particular

18  whether a count in an indictment is fatally duplicitous, are issues that can be raised on direct

19  appeal.  See Mancuso, 718 F.3d at 790.  Foster did not raise the issue of prosecutorial misconduct

20  through a duplicitous indictment on direct appeal.  Therefore, Foster "must demonstrate both

21  cause excusing his procedural default, and actual prejudice resulting from the claim of error."

22  Skurdal, 341 F.3d at 925; Johnson, 988 F.2d at 945; see also Battaglia, 428 F.2d at 960.  In

23  addition to failing to show prejudice, Foster has not shown cause that excuses his procedural

24  default.

25          3.      Trial Errors

26          Two issues are not subsumed by the Ninth Circuit's opinion regarding sufficiency of the

27  evidence and the "buyer-seller" rule:  the undersigned should have recused himself and the Court

28  improperly constructively amended the indictment through jury instructions.

10

1    For the reasons explained above and in the Court's order on the motion to recuse, see Doc.

2   No. 335, 28 U.S.C. § 455 did not compel the undersigned to recuse himself.

3    Citing *United States v. Adamson*, 291 F.3d 606, 614 (9th Cir. 2002), Foster also contends

4   that the Court's jury instructions improperly constructively amended the indictment, which

5   lessened the government's burden of proof.   There are several problems with Foster's argument.

6   First, a constructive amendment to an indictment is an issue that can be raised on direct appeal.

7   See Mancuso, 718 F.3d at 791-92; Adamson, 291 F.3d at 614.  Foster did not raise this issue on

8   direct appeal.  Therefore, Foster "must demonstrate both cause excusing his procedural default,

9   and actual prejudice resulting from the claim of error."  Skurdal, 341 F.3d at 925; Johnson, 988

10  F.2d at 945; see also Battaglia, 428 F.2d at 960.  Foster has not shown cause that excuses his

11  procedural default.  Second, Foster's point is conclusory.  Although Foster cites *Adamson* and

12  references the jury instructions, he does not explain how the jury instructions actually amended the

13  indictment.  Without more than conclusory assertions, there is no grounds for relief.  See

14  Baumann, 692 F.2d at 571; Hearst, 638 F.2d at 1194.  Third, a constructive amendment of the

15  indictment occurs when "the defendant is charged with one crime but, in effect, is tried for another

16  crime."  Mancuso, 718 F.3d at 792.  The Ninth Circuit has found improper constructive

17  amendments where the complex of facts presented at trial differ distinctly from those set forth in

18  the indictment, or where the crime charged in the indictment was substantially altered at trial such

19  that it cannot be known whether the grand jury would have indicted for the crime proved at trial.

20  See Mancuso, 718 F.3d at 792; Adamson, 291 F.3d at 615.  The Court has reviewed the jury

21  instructions and Counts 11 and 12 of the indictment.  The instructions and the indictment are

22  consistent and no constructive amendment is apparent.  Cf. Doc. No. 55 at ECF p. 5 with Doc. No.

23  281 at ECF pp. 19-22.

24    Therefore, Foster has not shown that he is entitled to relief for "trial errors."

25   *Conclusion*

26    Most of the issues raised in Foster's petition are precluded by the Ninth Circuit's opinion

27  on direct appeal.  For those issues that are not precluded, Foster has not demonstrated a

28  constitutional error, prejudice, or both occurred.  Thus, he is not entitled to relief under § 2255.

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that petitioner's 28 U.S.C. § 2255 petition (Doc. No. 331) is DENIED.

IT IS SO ORDERED.

Dated:   January 13, 2020     _____

SENIOR  DISTRICT  JUDGE

12