# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent<br><br>v.<br><br>KEITH FOSTER,<br><br>Petitioner | CASE NO. 1:15-CR-0104 AWI SKO-1<br><br>ORDER ON MOTION FOR RELEASE<br><br>(Doc. No. 332) |

On May 23, 2017, a jury found Petitioner Keith Foster guilty of conspiracy to distribute and possess marijuana and conspiracy to distribute and possess heroin, both in violation of 21 U.S.C. §§ 841(a)(1) and 846. Foster's conviction and sentence were affirmed by the Ninth Circuit on direct appeal on June 20, 2019. See Doc. No. 327. On December 16, 2019, Foster filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255, a motion for release pending adjudication of his § 2255 petition, and a motion to disqualify the undersigned. See Doc. Nos. 331, 332, and 333. This order addresses the motion for release. For the reasons that follow, Foster's motion for release will be denied.

*Petitioner's Argument*

Foster argues that he is entitled to post-trial release while his § 2255 petition is pending pursuant to 18 U.S.C. § 3143. Foster argues that he has demonstrated constitutional errors in that the prosecution, the district court, and the Ninth Circuit incorrectly evaluated the sufficiency of the evidence including the buyer-seller rule, he received ineffective assistance of counsel regarding

the insufficiency of the evidence, and the undersigned should have recused himself under 28 U.S.C. § 455.

*Respondent's Opposition*

The United States opposes Foster's motion. The United States points out that 18 U.S.C. § 3143(b) does not apply to habeas proceedings, it is an open question whether a district court can order bail, and, even if district court can do so, Foster has not demonstrated either a high probability of success or special circumstances that would justify bail.

*Discussion*

After review, the Court agrees with the United States' opposition and cannot conclude that release pending the adjudication of Foster's § 2255 petition is appropriate.

First, Foster's motion relies on 18 U.S.C. § 3143(b), known as the Bail Reform Act. However, the Ninth Circuit has clearly held § 3143(b) "does not apply to federal prisoners seeking postconviction relief." United States v. Mett, 41 F.3d 1281, 1282 (9th Cir. 1994). The inapplicability of § 31413(b) to Foster is by itself sufficient to deny the motion for release.

Second, the Court cannot clearly hold that it has the authority to grant Foster bail pending adjudication of his § 2255 petition. The Ninth Circuit has explained that it has "not yet decided whether district courts have the authority to grant bail pending resolution of a habeas petition . . . ." United States v. McCandless, 841 F.3d 819, 822 (9th Cir. 2016). Foster's motion does not cite *McCandles*. Because the Ninth Circuit acknowledges that a district court's ability to grant a habeas petitioner bail is an open question, without further briefing on this issue from both parties, the Court cannot grant relief.

Third, *McCandless* explained that if district courts have the authority to grant bail pending the resolution of a habeas petition, that authority "is reserved for 'extraordinary cases involving special circumstances or a high probability of success." Id. Here, in a separate order, the Court has denied Foster's § 2255 petition. The arguments Foster makes in this motion regarding recusal of the undersigned, ineffective assistance of counsel, and insufficiency of the evidence and the buyer-seller rule were all arguments that were made as part of Foster's § 2255 habeas petition. Cf. Doc. No. 331 with Doc. No. 332. The Court held that these arguments were without merit and

denied the § 2255 petition.[1]  See Doc. No. 336.  In particular, the Court noted that Foster's attacks on the sufficiency of the evidence were precluded by the Ninth Circuit opinion on direct appeal, which held that the evidence was sufficient to support both conspiracy convictions and found no error regarding the absence of a "buyer-seller" jury instruction.  See id. (citing *inter alia* United States v. Jingles, 702 F.3d 494, 498-500 (9th Cir. 2012), United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000), United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985), and Battaglia v. United States, 428 F.2d 957, 960 (9th Cir. 1970)).  Given the Court's resolution of Foster's § 2255 habeas petition, the Court cannot find that Foster has a high probability of success.  Further, Foster's application does not address and thus, does not demonstrate that "special circumstances" exist.  No "special circumstances" are apparent to the Court.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for release (Doc. No. 332) is DENIED.

IT IS SO ORDERED.

Dated:   January 13, 2020                          _____
                                                    SENIOR DISTRICT JUDGE

---

[1] Foster's arguments regarding recusal in this motion are essentially the same as the arguments Foster raised in his § 2255 habeas petition and his separately filed motion to recuse.  Cf. Doc. Nos. 331 and 333 with Doc. No. 332.  In a separate order, the Court denied Foster's motion to recuse and held that 28 U.S.C. § 455 did not require the undersigned to recuse himself.  See Doc. No. 335.  That analysis was also incorporated into the order denying Foster's § 2255 petition.  See Doc. No. 336.