# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent<br><br>v.<br><br>KEITH FOSTER,<br><br>Petitioner | CASE NO. 1:15-CR-0104 AWI SKO-1<br><br>ORDER ON MOTION FOR A CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 339) |

On May 23, 2017, a jury found Petitioner guilty of two drug conspiracy counts, one involving heroin and one involving marijuana.

On January 13, 202, the Court denied a 28 U.S.C. § 2255 petition by Petitioner. See Doc. No. 331. The Court founds that many of the issues raised by Petitioner were precluded by an opinion by the Ninth Circuit on direct appeal, that Petition had failed to show that the undersigned should have recused himself, that Petitioner failed to demonstrate any prejudicial attorney misconduct or ineffective assistance of counsel, and that Petitioner had failed to identify any prejudicial trial errors. See id.

On February 28, 2020, Petitioner filed a "motion for correction of omission." See Doc. No. 339. A review of this motion shows that it is in fact a request for the Court to issue a certificate of appealability. See id.

28 U.S.C. § 2253 provides in pertinent part:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a

district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The Supreme Court has found that a court should issue a certificate of appealability when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  The requirement that the petitioner seek a certificate of appealability is a gatekeeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues while at the same time affording petitioners an opportunity to persuade the Court that through full briefing and argument the potential merit of claims may appear. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).  It has been found that even the application of an apparently controlling Ninth Circuit rule can be debatable if it conflicts with the rules of another circuit or there is reasonable argument of why the Ninth Circuit should reconsider the Ninth circuit rule. See id.

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  See 28 U.S.C. § 2253(c); Slack, 529 U.S. at 483-84.  Given the opinion of the Ninth Circuit on direct appeal and the analysis conducted by the Court in resolving Petitioner § 2255 petition, reasonable jurists would not debate that Petitioner did not show that he was entitled to federal habeas corpus relief.   Therefore, the Court will deny Petitioner's request for a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's request for a certificate of appealability/motion to correct omission (Doc. No. 339) is DENIED and the Court DECLINES to issue a certificate of appealability under 28 U.S.C. § 2253 in this matter.

IT IS SO ORDERED.

Dated:   March 6, 2020

SENIOR DISTRICT JUDGE