# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KEITH FOSTER,<br><br>　　　　Defendant. | Case No.: 1:15-cR-00104 JLT SKO<br><br>ORDER CONSTRUING MOTION FOR RELIEF FROM JUDGMENT AS DISGUISED MOTION PURSUANT TO 28 U.S.C. § 2255 AND DENYING IT FOR LACK OF JURISDICTION<br><br>(Doc. 351) |

## I. INTRODUCTION

On May 23, 2017, a jury found Keith Foster guilty of one count of conspiracy to distribute and possess marijuana and one count of conspiracy to distribute and possess heroin, both in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Doc. 225.) Mr. Foster's conviction and sentence were affirmed by the Ninth Circuit on direct appeal on June 20, 2019. (*See* Doc. 327.) On December 16, 2019, Mr. Foster filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. (Doc. 331.) On January 13, 2020, U.S. District Judge Anthony W. Ishii denied the § 2255 motion in its entirety, (Doc. 336), and soon thereafter denied a certificate of appealability. (Doc. 347.)

On December 3, 2024, Mr. Foster filed a pro se motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), arguing that his Sixth Amendment right of

confrontation was violated because telephone recordings and text messages involving his co-conspirators were introduced into evidence against him at trial. (*See generally* Doc. 351.) Given Judge Ishii's retirement from the bench, the matter was reassigned to the undersigned. (Doc. 352.) The United States filed an opposition on December 10, 2024. (Docs. 354, 355 (proof of service).) Mr. Foster did not file a reply or further communicate with the Court.

## II.    LEGAL STANDARD

"28 U.S.C. § 2255 allows a federal prisoner to 'vacate, set aside, or correct' the prisoner's conviction or sentence 'upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence." *United States v. Hill*, 915 F.3d 669, 674 (9th Cir. 2019) (quoting 28 U.S.C. § 2255(a) ). "A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). Section 2255(h) reads:

> A second or successive motion must be certified as provided in [28 USC § 2244] by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). To avoid § 2255(h), defendants often attempt to characterize their motions in ways that avoid the strictures of § 2255(h), such as by attempting to label a motion as one brought under Rule 60(b), which allows a party to seek relief from a final judgment and to reopen his case on limited grounds. *See Washington*, 653 F.3d at 1059–60; *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011). Though Rule 60(b) may be an available procedural mechanism in certain, limited circumstances, such as when there has been some "defect in the integrity of the federal habeas proceedings," "if the motion presents a 'claim,' i.e. 'an asserted federal basis for relief from a . . . judgment of conviction,' then it is, in substance, a new request for relief on the

merits and should be treated as a disguised § 2255 motion." *Washington*, 653 F.3d at 1063 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) ); *see also Buenrostro*, 638 F.3d at 722. If § 2255(h) applies, but a defendant has not received permission from the court of appeals to file a successive § 2255 motion, then the district court is without jurisdiction. *See Washington*, 653 F.3d at 1065.

## III    DISCUSSION

Though Mr. Foster is invoking Rule 60(b), he is asserting that his conviction is invalid because it is unconstitutional. Therefore, Mr. Foster's motion constitutes a "claim" for purposes of § 2255(h). *See Washington*, 653 F.3d at 1063. He cannot invoke other procedural mechanisms to avoid § 2255(h). *See id*. Given his prior § 2255 motion, the instant motion is successive. *See id*. Because Defendant has not obtained authorization from the Ninth Circuit to pursue a successive § 2255 motion, this Court is without jurisdiction over his motion and must **DENY** it. *See id*. at 1063–65.

## IV.    CONCLUSION AND ORDER

For the reasons set forth above:

1. Mr. Foster's motion for relief from judgment (Doc. 351) is **DENIED** as an unauthorized, successive § 2255 motion.
2. This case remains **CLOSED**.

IT IS SO ORDERED.

Dated:    **April 2, 2025**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE