# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEITH FOSTER,<br><br>Defendant. | Case No.: 1:15-cr-00104 JLT SKO<br><br>ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY; CONSTRUING CERTAIN ARGUMENTS THEREIN AS A REQUEST FOR RECONSIDERATION AND DEYING SAME<br><br>(Doc. 351) |

On May 23, 2017, a jury found Petitioner Keith Foster guilty of one count of conspiracy to distribute and possess marijuana and one count of conspiracy to distribute and possess heroin, both in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Doc. 225.) Mr. Foster's conviction and sentence were affirmed by the Ninth Circuit on direct appeal on June 20, 2019. (*See* Doc. 327.) On December 16, 2019, Mr. Foster filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. (Doc. 331.) On January 13, 2020, U.S. District Judge Anthony W. Ishii denied the § 2255 motion in its entirety, (Doc. 336), and soon thereafter denied a certificate of appealability. (Doc. 347.)

On December 3, 2024, Mr. Foster filed a pro se motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), arguing that his Sixth Amendment right of confrontation was violated because telephone recordings and text messages involving his co-

1

1  conspirators were introduced into evidence against him at trial. (*See generally* Doc. 351 (citing
2  *Smith v. Arizona*, 602 U.S. 779, 780 (2024).) He did not indicate therein that he was no longer in
3  custody or subject to supervised release. (*Id*.) Given Judge Ishii's retirement from the bench, the
4  matter was reassigned to the undersigned. (Doc. 352.) The United States filed an opposition on
5  December 10, 2024, arguing that the Rule 60(b) motion should be treated as a successive § 2255
6  motion and denied. (Doc. 354.) Mr. Foster did not file a reply or further communicate with the
7  Court. On April 3, 2025, the Court denied Mr. Foster's motion, essentially adopting the grounds
8  argued by the government. (Doc. 356.)

9        On April 22, 2025, Mr. Foster filed a motion requesting a certificate of appealability,
10  arguing plainly for the first time that: (1) he fully completed his sentence on June 8, 2024 when
11  his term of supervised release expired; (2) the government therefore "erroneously" asserted that a
12  § 2255 motion was available to him; and (3) that this "willful misrepresentation" is "yet another
13  example of the government's willingness to deny him due process and circumvent the rule of
14  law." (Doc. 357.) On May 15, 2025, Mr. Foster filed a notice of appeal from this Court's April 3,
15  2025, order denying his Rule 60(b) motion. (Doc. 358.)

16        Normally, "the filing of a notice of appeal confers jurisdiction on the court of appeals and
17  divests the district court of its control over those aspects of the case involved in the appeal."
18  *United States v. PetroSaudi Oil Servs. (Venezuela) Ltd*., 70 F.4th 1199, 1211 (9th Cir. 2023)
19  (cleaned up) (internal quotation marks and citation omitted). However, the Court retains
20  jurisdiction when there is a pending motion for reconsideration filed before a notice of appeal.
21  *See Miller v. Marriott Int'l Inc*., 300 F.3d 1061, 1064 (9th Cir. 2002); *United Nat'l Ins. Co. v.*
22  *R&D Latex Corp*., 242 F.3d 1102, 1109 (9th Cir. 2001). Because Mr. Foster's April 22, 2025,
23  filing points out for the first time that he was out of custody at the time he filed his Rule 60
24  motion, the Court, in an abundance of caution, construes that aspect of his motion as a request for
25  reconsideration.

26        As a threshold matter, the record contains no support for Mr. Foster's assertion that the
27  government made any misrepresentations about his custody status. Neither the Court nor counsel
28  for the government is responsible for tracking the expiration of a defendant's term of supervised

release, which is generally managed by the U.S. Probation Office. Regardless, even if the Court had been aware that Mr. Foster had not been in custody at the time of his motion, Rule 60(b) still would not have been the appropriate mechanism for him to seek post-conviction relief. Though Rule 60(b) may sometimes be used in the post-conviction context, it is generally only an available form of relief where the motion attacks "some defect in the integrity of the federal habeas proceedings." *United States v. Washington*, 653 F.3d 1057, 1060 (9th Cir. 2011) (applying to § 2255 motion rule from *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (holding Rule 60(b) may not be used to raise a new "claim" in federal habeas proceedings that would otherwise be barred as second or successive under § 2254)); *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (same). *Gonzalez* defines a "claim" to include "a new ground for relief." 545 U.S. at 532.

Mr. Foster cites several Supreme Court cases, including *Buck v. Davis*, 580 U.S. 100 (2017) (concluding that petitioner was "entitle[d] to relief under Rule 60(b)(6)" because of a change in law and intervening developments of fact), and *Kemp v. United States*, 596 U.S. 528, 540 (2022) (Sotomayor, J., concurring) (citing *Buck* and explaining in concurrence that a change in controlling law remains an available ground for Rule 60(b) relief in habeas context), to argue that Rule 60(b) is available under "extraordinary circumstances," to address "legal errors apparent at the time of the judgment and those based on intervening legal developments." (Doc. 357 at 9.) These citations do not help his cause. First, as the government correctly explains (Doc. 354 at 3 n.1 ), *Buck* was an appeal from a district court's denial of a habeas claim due to procedural default—an issue relevant to the integrity of the habeas proceeding and therefore a proper subject of a Rule 60 motion. 580 U.S. at 113–14. Likewise, *Kemp* involved a dispute over whether the defendant filed his underlying § 2255 motion within the applicable statute of limitations, 596 U.S. at 532, again an issue relevant to the integrity of the habeas proceeding.

The issues raised in Mr. Foster's Rule 60 motion are not of this nature. He argues that the government violated his sixth amendment rights at trial by presenting out-of-court statements from his co-conspirators (Doc. 351 at 12 (citing *Smith v. Arizona*, 602 U.S. 779 (2024)); the trial and appellate courts erred by finding the evidence was sufficient to support his convictions (*id*. at 13–14); the trial judge erred by denying the ineffective assistance of counsel claim Mr. Foster

raised in his original § 2255 petition (*id*. at 15); and the government violated his due process, equal protection and sixth amendment confrontation rights by "willfully and deliberately disregarding the essential elements of a drug conspiracy" (*id*. at 16). These are all "claims" under *Gonzalez* and therefore are not properly presented through Rule 60. The Court has identified no cases that suggest Mr. Foster's out-of-custody status changes this result.[1]

Mr. Foster's motion also formally requests a certificate of appealability related to the denial of his Rule 60(b) motion, an issue which the Court inadvertently failed to address in its April 3, 2025, order. In *United States v. Winkles*, 795 F.3d 1134, 1142 (9th Cir. 2015), the Ninth Circuit held that a certificate of appealability "is required to appeal the denial of a Rule 60(b) motion for relief from judgment arising out of the denial of a section 2255 motion." If a court denies a Rule 60(b) motion in a § 2255 proceeding, a certificate of appealability should only issue if "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying section 2255 motion states a valid claim of the denial of a constitutional right." *Id.* at 1143. For the reasons articulated above, the Court concludes that jurists of reason would not find it debatable whether the Court abused its discretion in denying the Rule 60 motion for relief from judgment. As both prongs of the standard must be satisfied and Mr. Foster has failed to meet one of them, he is not entitled to a certificate of appealability under *Winkles*.[2]

**ORDER**

For the reasons set forth above:

1. Construing Mr. Foster's arguments about his custody status to be a motion for reconsideration, that motion is **DENIED**.

///

///

///

---

[1] The Court expresses no opinion as to whether any other form of post-conviction relief may be available to him now that he is no longer in custody.

[2] To the extent the notice of appeal has divested the Court of jurisdiction to address the issuance of a COA, the Court does so as an indicative ruling under Federal Rule of Civil Procedure 62.1.

2. The request for certificate of appealability is also **DENIED**.

IT IS SO ORDERED.

Dated:   **May 22, 2025**

_____
UNITED STATES DISTRICT JUDGE